PER CURIAM.
This is an appeal from a summary judgment granted to the plaintiff, Martin Marietta 'Corporation, on a contractor’s bond executed by the defendant, American Fire and Casualty Company, as surety.
The plaintiff supplied materials to a sub-subcontractor in connection with the construction of a service station. The prime contractor had executed as principal a contractor’s bond upon which the defendant was surety. The plaintiff was not paid, and brought suit directly against the bonding company.
By the terms of the bond the surety was bound unto the owner “as well as to all persons who may become entitled to liens under the contract * * * and to said parties who may be entitled to liens.” The bond was conditioned upon the contractor performing the contract and “shall duly and promptly pay and discharge all indebtedness that may be incurred by [the contractor] * * * and keep the same free of mechanics’ and materialmen’s liens or claims or charges of any kind.” By its terms the bond was obviously given to protect the owner and its property from liens provided by the mechanics lien law, Ch. 84, Fla.Stats., F.S.A., as it existed at the time of the bond which was prior to the general revision of that chapter by Ch. 63-135, Laws of Florida. The plaintiff did not claim to have a lien against the property improved under the contract and, therefore, the plaintiff had no right of action on the bond against the defendant. Dekle v. Valrico Sandstone Co., 1917, 74 Fla. 346, 77 So. 95.
The plaintiff contends that the principle announced in Dekle, supra, and followed in the many decisions thereafter was superseded by the enactment of § 627.0905, Fla, Stats., F.S.A., which must be read into every such bond and when so read into every such bond the surety thereon becomes obligated to pay to any and all parties all sums owing for labor or materials used in the performance of the contract. This amendment to the statute was enacted prior to the date of this bond.
However, we construe the subject statute different from the construction given it by the plaintiff and the trial court. As we construe the statute it merely requires that when an insurer becomes a surety on a contract bond the bond shall be either a combination performance and payment bond and the amount must be not less than the total contract price, or in the alternative, there may be one bond for performance and one for payment, but on such alternative both bonds must be issued and each must be in an amount not less than 50% of the total contract price. The legislative intent which we gather from the statute when construed as a part of the insurance code was to require uniformity of contractors’ bonds by requiring such bonds to be in one or the other alternative and fixing the amount of each, but it did not purport to and does not have the effect of writing into such bonds a requirement that the bond shall be for the use and benefit of persons who are not entitled to a lien under Ch. 84, Fla.Stats., as in effect prior to October 1, 1963.
The judgment is reversed with directions to set aside the summary judgment and to grant defendant’s motion to dismiss.
Reversed, with directions.
SMITH, C. J., ANDREWS, J., and JUSTICE, JOHN D., Associate Judge, concur.