203 So.2d 670 (1967)
AMERICAN FIRE AND CASUALTY COMPANY, a Florida Corporation, Appellant,
v.
CHARLES SALES CORP. OF ORLANDO, a Florida Corporation et al., Appellees.
No. 994.
District Court of Appeal of Florida. Fourth District.
November 8, 1967.
Rehearing Denied December 1, 1967.
*671 Gene H. Godbold, of Maguire, Voorhis & Wells, Orlando, for appellant.
Milton A. Fried, Miami, for appellee Charles Sales Corp. of Orlando.
McNATT, JOHN M., Associate Judge.
After a trial before the court without a jury, judgment was entered for appellee, Charles Sales Corp. of Orlando (plaintiff), against appellant (defendant-surety) on a contract bond. The bond was given by a sub-contractor (the principal on the bond) to the contractor (the obligee on the bond) in connection with a sub-contract for furnishing and installing a complete and functioning system of plumbing, heating, air conditioning, utilities and sanitary sewers for a "Low Rent Housing Project * * * for the Housing Authority of the City of Cocoa. * * *"
Alleging that it had supplied labor and materials to the sub-contractor and that there was a substantial balance due it, the plaintiff brought an action against the surety, the sub-contractor and its president. However, on this appeal we are concerned only with the liability of the surety to the plaintiff on the contract bond, which was conditioned as follows:
"Now, Therefore, the condition of this obligation is such, that if the Principal shall faithfully perform the contract on his part, free and clear of all liens arising out of claims for labor and materials entering into the construction, and indemnify and save harmless the Obligee from all loss, cost or damage which he may suffer by reason of the failure so to do, then this obligation shall be void; otherwise to remain in full force and effect."
It is to be noted that the bond involved is not one which Chapter 255.05, Florida Statutes, F.S.A., requires a contractor (as distinguished from a sub-contractor) to give to a public authority in connection with a contract for public buildings or improvements. On the contrary, the bond was given by a sub-contractor to the contractor, and the provisions of Chapter 255.05 are wholly irrelevant in construing the bond and in determining the liability of the surety thereon.
By the terms of the bond, the surety was bound only to the contractor, and the unambiguous provisions of the bond may not be construed and expanded to cover the claim of one furnishing labor and materials to the sub-contractor. Curtiss-Bright Ranch Company v. Selden Cypress Door Company, 1926, 91 Fla. 354, 107 So. 679; American Surety Company of New York v. Smith, 1930, 100 Fla. 1012, 130 So. 440; American Fire & Casualty Co. v. Martin Marietta Corp., Fla.App. 1965, 171 So.2d 435.
The appellee contends that "Chapter 627.0905 [Florida Statutes] has the effect of making all bonds labor and material payment bonds as well as performance bonds." However, the appellee claimed no lien, and in American Fire & Cas. Co. v. Martin Marietta Corp., supra, the court held that the statute was not subject to the suggested construction, saying:
"* * * The legislative intent which we gather from the statute when construed as a part of the insurance code was to require uniformity of contractors' bonds by requiring such bonds to be in one or the other alternative and fixing the amount of each, but it did not purport to and does not have the effect of writing into such bonds a requirement that the bond shall be for the use and benefit of persons who are not entitled to a lien under *672 Ch. 84, Fla.Stats., as in effect prior to October 1, 1963."
As the record fails to support the claim of the appellee on the bond, the judgment against the appellant is reversed for further proceedings not inconsistent with this opinion.
Reversed.
WALDEN, C.J., and McCAIN, J., concur.