OWEN, Judge.
Involved in this case are two questions concerning the rights and obligations of the surety on a subcontractor’s performance bond. The trial court determined both questions adversely to the surety. We affirm.
Is the scope of the obligation [to pay all persons who have contracts directly with the principal for labor or materials] broad enough to include the rental of heavy equipment? This question is answered in the affirmative on the authority of United Bonding Insurance Company v. M. D. Moody & Sons, Inc., Fla.App.1968, 213 So.2d 263, decided after the appeal in the instant case was filed. The lessor of the heavy equipment was entitled to recover under the bond and the court correctly granted summary judgment in its favor and against the surety on the bond.
Did the surety’s amended third party complaint state a cause of action for indemnification against its own obligee? This question is answered in the negative because the theory of the claim for indemnification was that the alleged fraud on the part of the obligee caused the bond to be issued and delivered, whereas the facts alleged were sufficient to show fraud on the part of the obligee occurring only after the delivery of the bond. Alleging that the obligee accepted the delivery of the performance bond with full knowledge of the fact that at the time of delivery thereof the principal subcontractor was in default under the subcontract, there was missing the essential allegations that the obligee had a duty and a suitable opportunity to disclose the facts to the surety before the latter entered into the undertaking. 72 C.J.S. Principal and Surety § 77; SO Am. Jur., Suretyship, § 164 et seq. Though the facts may have shown fraud after the bond was delivered, such fraud could not be the cause of the issuance and delivery of the bond and the subsequent loss to the surety, which was the theory under which it sought to be indemnified. Gruman v. Sam Breedon Construction Co., Fla.App.1963, 148 So.2d 759. The court correctly dismissed the amended third party complaint.
Affirmed.
WALDEN, C. J., and McCAIN, J., concur.