272 So.2d 163 (1973)
Mary K. CHAULSETT, Appellant,
v.
The CITY OF FORT LAUDERDALE, a Florida Municipal Corporation, and the Hartford Insurance Group, a Connecticut Corporation, Appellees.
No. 71-744.
District Court of Appeal of Florida, Fourth District.
January 15, 1973.
*164 T. Paul Hodge and Ray Sandstrom, of Sandstrom & Hodge, Fort Lauderdale, for appellant.
Ronald E. Soloman, of Wicker, Smith, Pyszka, Blomqvist & Davant, Fort Lauderdale, for appellees.
MAGER, Judge.
This is an appeal from an order dismissing the complaint of Mary K. Chaulsett, plaintiff, for failure to give proper written notice to the City of Fort Lauderdale, defendant, of a claim of injury.[1]
We are of the opinion from a review of the present state of the record that the order of dismissal was in error. The complaint *165 alleged, inter alia, that as a result of the City's negligence in failing to place a cover over a hole housing a water meter plaintiff stepped into the hole and suffered injuries; that plaintiff's husband inquired of the City as to the procedure to follow in order to make a claim; that as a result of the information received by a "servant, agent, attorney or employee of the City" plaintiff's husband "gave notice in writing to the City of Fort Lauderdale on November 18, 1969, and was advised that the Plaintiff need make no further notice in writing to the municipality of the City of Fort Lauderdale, that the same would be investigated by the insurance carrier of the City of Fort Lauderdale;" that as a result of the written notice an insurance adjustor "on behalf of the City of Fort Lauderdale ... came to see the Plaintiff and did take a recorded statement ...".
The record before us contains a letter written by a claims representative for The Hartford Insurance Group to the plaintiff advising her "that our insured would not be held responsible for this unfortunate accident and therefore we must respectfully decline payment".
The record does not indicate the filing of any pleading responsive to plaintiff's second amended complaint. Although the City's motion to dismiss is predicated upon plaintiff's failure to comply with the notice requirements we do not deem this sufficient to negate the allegations contained in the complaint as heretofore summarized, which allegation must be assumed to be true for the purpose of determining the validity of the motion. Bond v. Koscot Interplanetary, Inc., Fla.App. 1971, 246 So.2d 631. Except for those defenses otherwise delineated under Rule 1.140(b), 30 F.S.A., every defense in law and fact to a claim for relief shall be asserted in a responsive pleading. While the failure to comply with a notice of claim provision may ultimately prove to be a good defense it cannot effectively negate the truthfulness of the allegations as set forth in the plaintiff's complaint when such a defense is embodied within a motion to dismiss. Accordingly, plaintiff's second amended complaint should not have been dismissed on the basis of an allegation contained in a motion to dismiss.
The court's disposition of this appeal is predicated essentially on a pleading matter. We would hasten to point out that if plaintiff's contentions with respect to the notice of the claim are proven as alleged then such notice is sufficient compliance with Section 95.241. In Brooks v. City of Miami, Fla.App. 1964, 161 So.2d 675, 677, the Court observed that:
"The purpose of a statutory provision requiring notice of a claim to be given to a municipality is to give the municipality opportunity to investigate the matter, allow its governing body to determine the question of liability, and if desired or justified, to settle the matter and avoid litigation. Sarasota v. Colbert, Fla.App. 1957, 97 So.2d 872." (Emphasis added.)
Plaintiff's complaint alleges that the City had actual notice of the accident as well as having been given written notice. Section 95.241, supra, note 1, as a prerequisite to the maintenance of certain actions against the City requires written notice within ninety days of the occurrence of the injury; such notice to be given "to the presiding officer of the governing body of the municipality or the city manager or the city clerk or the recorder or the city attorney". In lieu of "written notice" Section 95.241 provides an action can be maintained by an injured party if it can be shown that the municipality or its agents had "actual notice" of the injury and "that the delay or failure to give the requisite notice has not been prejudicial to the municipality".
Although the complaint alleges "written notice" there are no allegations indicating whether such notice was given to a class of officials delineated in Section 95.241(1) and as hereinabove quoted. However, the sum total of the allegations, if proven, would suggest either actual notice within *166 the contemplation of Section 95.241 or an estoppel against the City to assert the statutory notice requirements. The complaint alleges that an investigation was conducted by an insurance adjustor acting on behalf of the City resulting in the plaintiff being advised by such adjustor that the "insured would not be held responsible" and that the insurance company was going to "decline payment". If plaintiff can prove that the City acting through its officers or agents undertook an investigation of the accident and that such investigation was in fact conducted by the City's insurer resulting in a determination that there was no liability on the part of the City, then it would appear to this court that the purpose of Section 95.241 would have been satisfied and that no further notice would under such circumstances have been necessary. In Rabinowitz v. Town of Bay Harbor Islands, Fla. 1965, 178 So.2d 9, 12, 13, the Supreme Court of Florida had occasion to observe:
"The sum of the holdings in recent years has been that when responsible agents or officials of a city have actual knowledge of the occurrence which causes injury and they pursue an investigation which reveals substantially the same information that the required notice would provide, and they thereafter follow a course of action which would reasonably lead a claimant to conclude that a formal notice would be unnecessary, then the filing of such a notice may be said to be waived. If the claimant, as a result of such municipal conduct, in good faith fails to act, or acts thereon to his disadvantage, then an estoppel against the requirement of the notice may be said to arise.
"A mere investigation by agents of a city standing alone will not necessarily have the indicated effect. The waiver or estoppel occurs when there is an investigation followed by action in relation to the claimant that would lead a reasonable person to conclude that further notice is unnecessary or causes such person to act or fail to act to his injury."
See also City of Jacksonville v. Hinson, Fla.App. 1967, 202 So.2d 806.
In addition to making a determination as to whether the City had actual notice, the allegations and proof of the notice as well as the action taken should be analyzed in particular regard to whether those circumstances "would lead a reasonable person to conclude that further notice is unnecessary" or would cause "such person to act or fail to act to his injury" thereby giving rise to an estoppel against the City.
The judgment of the trial court is reversed and the cause remanded to the trial court to take further action consistent with this opinion.
Reversed and remanded.
WALDEN and OWEN, JJ., concur.
NOTES
[1] Section 95.241, Florida Statutes, F.S.A., provides:

"(1) Written notice of claim of injury, giving time, place and circumstances of the injury, shall be given to a municipality within ninety (90) days of the occurrence of the injury or of the discovery of the injury as a prerequisite to the maintenance of an action against the municipality for any act or omission causing such injury if such injury was caused or claimed to be caused by a failure of the municipality to keep in safe condition any public sidewalk, pavement, street, bridge, building or other improvement to realty owned by the municipality or for which the municipality is liable for the maintenance. The notice shall be given to the presiding officer of the governing body of the municipality or the city manager or the city clerk or the recorder or the city attorney. In the event that the requisite notice is not given within the prescribed period and the municipality or its agents are alleged to have actual notice of the injury, in order for the action to proceed the injured party must show to the satisfaction of the court having jurisdiction over the claim that the delay or failure to give the requisite notice has not been prejudicial to the municipality."