342 So.2d 143 (1977)
CHARTER DEVELOPMENT CORP., Appellant,
v.
William EVERSOLE, d/b/a Eversole Construction Company, and Pools by Eversole, Inc., Appellee.
No. BB-173.
District Court of Appeal of Florida, First District.
February 15, 1977.
F.B. Estergren, of Estergren, Fortune, Anchors & Powell, Fort Walton Beach, for appellant.
Calvin W. Wilson, Pensacola, for appellee.
McCORD, Judge.
This is an appeal from a final judgment impressing an equitable lien upon appellant's property in favor of appellee. Such judgment was entered in an action brought by appellee which sought only the foreclosure of a mechanic's lien. After considering the evidence presented by the respective parties, the trial judge, by the final judgment, correctly found that no valid claim of mechanic's lien existed because of the failure of appellee to file a lien within 90 days after the last work or materials were furnished by it. The court further found, however, that appellant was unjustly enriched by the receipt of the benefit of the work and materials furnished by appellee upon appellant's property and imposed an equitable lien thereon for the sum of $3,450.66. Appellant contends that the adjudication of such equitable lien was error. We agree and reverse.
Appellant property owner entered into a contract with Mercury Construction Company to construct an apartment complex including a swimming pool upon property owned by appellant. Mercury contracted with appellee for construction of the swimming pool. In the course of construction, disagreements arose between general contractor Mercury and appellee which resulted in appellee discontinuing work on the pool, appellee and Mercury each contending the other had breached the subcontract. Mercury then employed another subcontractor who completed the pool. The record shows that of $17,865 (appellee's subcontract price plus extras) appellee was paid all but $9,010.76; that Mercury paid an additional $11,485 to the new subcontractor to complete the pool and paid $1,005.60 for additional costs. The record also shows that appellant paid Mercury this excess cost.
As previously mentioned, appellee sought only to foreclose a mechanic's lien. Its complaint contains no prayer for or allegations to support an equitable lien. In spite of this, the trial judge granted an equitable lien finding only that "the defendant *144 was unjustly enriched by the receipt of the benefit of the work and materials furnished by the plaintiff upon the defendant's property."
Appellee relies here upon Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969), in support of its equitable lien. There, however, the complaint sought foreclosure of a materialman's lien and prayed in the alternative for an equitable lien and other relief. There the claim for materialman's lien failed because the plaintiff's notice of intention to claim a lien as well as his claim of lien were not filed within the time allowed by the statute. There the owner and general contractor were joint venturers and the plumbing subcontractor for whom plaintiff was a materialman was insolvent. The court found that the materialman was entitled to an equitable lien on a $15,000 "hold-back" fund which was due and owing the plumbing subcontractor for work already performed at the time the plumbing subcontract was abandoned; that such fund was still in the hands of the general contractor at the time the plaintiff notified the owner and general contractor that it had furnished materials to the job under the plumbing subcontract. The court further found that the plaintiff, as well as any other materialmen whose materials were incorporated in the improvement under the plumbing subcontract and who, like plaintiff, remained unpaid at the time the plumbing subcontractor abandoned the contract, had "a right of a special nature" in the funds due and owing on account of materials supplied by them to the improvement. There, unlike here, nothing appeared in the record to show that the joint venturer owners were unable to complete the plumbing work for the amount payable under the plumbing subcontract. On the other hand, the court in Crane stated that from answers to interrogatories "it is fair to assume that the cost of completion did not exceed this amount." The court went on to state further, "In these circumstances, it is inescapable that to allow the owner-contractor joint venturer to defeat the plaintiff's claim to share in the $15,000.00 hold-back fund would unjustly enrich them at the expense of the plaintiff. And it would be especially inequitable in view of the fact that the plumbing subcontractor with whom plaintiff is in privity is insolvent."
The Supreme Court in Crane continued with the following statement of the law which is particularly applicable in the case sub judice:
"Ordinarily, the only right or interest that such a materialman has in the funds payable under the direct contract by the owner  and, in the circumstances specified by the statute, in the property improved by his materials  arises out of the provisions of the Mechanics' Lien Law, Ch. 84, Fla. Stat. 1965 (Ch. 713, Fla. Stat. 1967, F.S.A.); and, in the absence of special or peculiar equities, his failure to perfect his statutory right thereunder leaves him only his remedies at law. We emphasize that this opinion is not to be interpreted as holding that a materialman is entitled to seek an equitable lien merely because his materials are incorporated in the improvement." (Emphasis supplied.)
The record in the case sub judice does not show any special or peculiar equities in appellee's favor. It only shows that appellee's work and materials were incorporated in the improvement. We have considered the other authorities cited by appellee but find them not applicable to this case.
The trial court refused to hear testimony concerning attorney's fees offered by appellant at the close of the trial and ruled in the final judgment that neither party was entitled to an attorney's fee. Appellant having successfully resisted appellee's claim for a mechanic's lien, his attorney is entitled to a reasonable fee for his services pursuant to § 713.29, Fla. Stat. 1975.
Reversed and remanded with directions to award appellant's attorney a reasonable attorney's fee for his representation of appellant in the trial court.
BOYER, C.J., and MILLS, J., concur.