355 So.2d 217 (1978)
Joseph F. MORGAN and Contrails, Inc., Appellants,
v.
Haywood GOODWIN, Appellee.
No. FF-215.
District Court of Appeal of Florida, First District.
February 24, 1978.
D. Michael Chesser of Selby & Chesser, Fort Walton Beach, for appellants.
William K. Jennings of Dewrell, Kessler & Jennings, Fort Walton Beach, for appellee.
SMITH, Acting Chief Judge.
The owners of a Walton County tract appeal from a judgment awarding Goodwin a laborer's lien against the bond given as security by the owners and their surety. Section 713.24, Florida Statutes (1975). A general contractor, having agreed to clear, *218 level, and grade the owners' land for $18,000, orally engaged Goodwin to do part of the work. Goodwin supervised a number of laborers, operated and maintained the contractor's heavy equipment, supplied his own tractor for use with the contractor's equipment, and supplied fuel at his own expense for all the heavy equipment. Goodwin was to be paid $18.50 per hour. He completed his portion of the work but, according to the undisputed competent evidence, the general contractor left the job unfinished, and the contract price was unpaid to the extent of approximately $3,000.
Appellee Goodwin filed a claim of mechanic's lien against the owners pursuant to Section 713.08, Florida Statutes (1975), but he did not previously serve a notice to the owners of his intention to claim a lien, as required by Section 713.06(2)(a).[1] Conceding that, Goodwin claims to be a laborer and, as such, exempt from the statutory notice requirement. Goodwin claimed $9,712.50 based on approximately 523 hours of work at $18.50 per hour. Before the trial Goodwin amended his complaint to add a claim for an equitable lien against the real property on the theory that the owners had been unjustly enriched. The trial judge gave Goodwin judgment against the owners and their surety for $3,625, and retained jurisdiction to assess attorneys' fees. We reverse.
Goodwin's failure to give notice to the owners within 45 days of beginning work, as required by Section 713.06(2)(a), bars his claim for a valid mechanic's lien. Goodwin was not a laborer as defined by the statute. Section 713.01(9) defines "Laborer" as one who "personally performs on the site of the improvement labor or services for improving real property and does not furnish materials or labor service of others." Goodwin testified that it was part of his oral contract for him to supply fuel for all the tractors at his own expense and to supply his own tractor for use on the job. Section 713.01(6) defines "Furnish materials" to include furnishing supply materials used for construction but not remaining in the improvement, and supplying machinery to the extent of the reasonable rental value. See United Bonding Ins. Co. v. Moody, 213 So.2d 263 (Fla. 1st DCA 1968) (one who rents equipment to a contractor is within the terms of a bond protecting persons supplying "labor and materials").
Goodwin's relationship to the job was in some respects characteristic of a laborer: he was to be paid by the hour; he supervised only a few workers; he personally operated and maintained the heavy equipment. But in undertaking to furnish materials and machinery he departed from the special protection afforded laborers. The purpose of the lien law's notice requirement is to protect the owner from having to pay twice for the same labor or material by allowing him to impound money which would otherwise be paid the contractor. Bryan v. Owsley Lumber Co., 201 So.2d 246, 249 (Fla. 1st DCA 1967); W.W. Gay Mechanical Contractors, Inc. v. Case, 275 So.2d 570 (Fla. 1st DCA 1973). The statute's unstated rationale for exempting laborers from the notice requirement is that an individual laborer will not work long without pay and consequently will not have a large hidden claim. In this case, Goodwin worked over two months without pay and is claiming $9,712.50 for his work on a general contract valued at $18,000. The trial court awarded Goodwin but $3,625 of his claim, and the implication may be that Goodwin is entitled *219 to half a loaf because he was half a laborer. We cannot accede to such a division of his contract. Goodwin was not a laborer but a subcontractor, defined in Section 713.01(16) as "a person other than a materialman or laborer who enters into a contract with a contractor for the performance of any part of such contractor's contract." Goodwin's failure to serve notice on the owner precluded any valid claim to a statutory mechanic's lien.
Goodwin's complaint included a prayer for an equitable lien on the improved property, alleging that the owners were unjustly enriched by his labor and that funds remained to be paid by the owners on the contract price due the contractor. A subcontractor such as Goodwin may be entitled to an equitable lien on unpaid funds despite his failure to perfect a mechanic's lien. In Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969), the Supreme Court found that a materialman whose materials were incorporated in improvements under a plumbing subcontract, and who remained unpaid when the plumbing subcontractor abandoned the contract, was entitled to an equitable lien on funds which were due and owing to the plumbing subcontractor for work already performed at the time the plumbing subcontract was abandoned. Thus, to be entitled to an equitable lien, Goodwin must have established that a portion of the contract price was due, owing, and unpaid to the contractor for work already performed on the contract. See also W.W. Gay Mechanical Contractors, Inc. v. Case, supra; Charter Development Corp. v. Eversole, 342 So.2d 143 (Fla. 1st DCA 1977). Goodwin offered no competent evidence that the general contract was completed or that the $3,000 remaining unpaid was otherwise due and owing to the contractor. Goodwin therefore is not entitled to an equitable lien on the unpaid funds.
The appellant owners have successfully resisted Goodwin's claim for a mechanic's lien. They are entitled, therefore, to a reasonable fee for their lawyer's services. Section 713.29, Florida Statutes (1975). Charter Development Corp. v. Eversole, supra.
REVERSED and REMANDED with directions to enter judgment for appellants.
ERVIN, J., concurs.
MELVIN, J., dissents.
MELVIN, Judge, dissenting.
I dissent. The trial court based upon evidence found to be creditable, determined that there were a definite number of hours that Goodwin worked in the capacity of a laborer and for which he was entitled to receive his laborer's wage. I find no basis in this record or the law for this Court to brush aside such judicial determination by engaging in an implication, based upon an inference not supported by the record, that the trial court played the role of Solomon and gave a half a loaf to half a laborer.
NOTES
[1] Section 713.06(2)(a) provides:

All lienors under this section, except laborers, as a prerequisite to perfecting a lien under this chapter and recording a claim of lien, shall be required to serve a notice on the owner setting forth the lienor's name and address, a description sufficient for identification of the real property, and the nature of the services or materials furnished or to be furnished. This notice must be served before commencing or not later than 45 days from commencing to furnish his services or materials but in any event before the date of furnishing the affidavit under subsection (3)(d)1., of this section, or abandonment, whichever shall occur first. The serving of this notice shall not dispense with recording the claim of lien. This notice shall not be deemed to constitute a lien, cloud or encumbrance on said real property nor actual nor constructive notice of any of the same.