426 So.2d 59 (1983)
STRATTON OF FLORIDA, INC. and St. Paul Fire and Marine Insurance Company, Appellants,
v.
Eugene CERASOLI, Appellee.
No. 82-958.
District Court of Appeal of Florida, Second District.
January 12, 1983.
Rehearing Denied February 7, 1983.
Dale W. Vash of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants.
James L. Goetz of Goetz & Hartman, Fort Myers, for appellee.
RYDER, Judge.
Stratton of Florida, Inc. and its surety, St. Paul Fire and Marine Insurance Company, appeal from the final judgment awarding damages to appellee Cerasoli. We reverse.
The facts adduced below show that in July of 1980, appellant Stratton entered into a general contract with the owner of realty in Hendry County for construction of a project known as Port LaBelle Inn and Country Club. In February 1981, appellant Stratton entered into a subcontract with Kent Associates, Inc., whereby Kent was to perform certain stud, wallboard, lath and stucco work. Kent Associates subcontracted a portion of the stud, wallboard and stucco work to appellee Cerasoli. In connection with the general contract, Stratton posted a payment bond for the project with appellant St. Paul, pursuant to section 713.23, Florida Statutes (1981).
Appellee Cerasoli began work on the contract on May 14, 1981. Appellee's services *60 were terminated by Kent Associates on July 8, 1981, and appellee mailed notices to contractor and notices of nonpayment to appellant Stratton on July 8, 1981. The notices were delivered on July 17, 1981.
Appellee filed a complaint seeking damages against Stratton and St. Paul, and appellants' answer set forth defenses including that appellee failed to comply with the forty-five day notice to contractor provision of section 713.23, Florida Statutes (1981). Following a bench trial, the court found for appellee, ordering appellants to pay the amount owed of $14,761.50.
On appeal, appellants argue that in order to recover from a general contractor or its surety not in privity, a sub-subcontractor must serve a written notice to contractor within forty-five days after first beginning to furnish labor, materials or supplies. We agree. Section 713.23(1)(d), Florida Statutes (1980 Supp.), provides that notice must be given. Section 713.23(1)(f) provides that "no action for the labor or materials or supplies may be instituted or prosecuted against the contractor or surety unless both notices have been given." It is undisputed below that appellee did not serve the notice required by section 713.23(1)(d) within forty-five days after beginning to furnish labor, materials or supplies. Thus, the action by appellee below is precluded by the statute.
We acknowledge that prior to the 1977 legislative amendments to the mechanic's lien law, a lienor failing to serve timely notice could still recover from the owner as a nonpriority lienor. Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969). That recovery was based on the former requirement that the contractor's final payment affidavit had to list outstanding bills regardless of whether notice was given. Crane Co. v. Fine, supra; section 84.061(3)(d), Florida Statutes (1965). The current statutes specifically state the opposite:
No person furnishing labor or material, or both, who is required to serve a notice under paragraph (2)(a) and who did not serve the notice and whose time for service has expired shall be entitled to be paid by the owner because he is listed in an affidavit furnished by the contractor under subparagraph (c)1.
Section 713.06(3)(c)(4), Florida Statutes (1980 Supp.). Thus, the Crane case cannot be applied to permit recovery on a statutory lien below.
The final judgment below is REVERSED and the case REMANDED for entry of the judgment for appellants.
GRIMES, A.C.J., and SCHEB, J., concur.