# CONFORTEMP AIR CONDITIONING v. PEABODY
## Case No. 85-17-SP-05-P
County Court, Monroe County

May 2, 1985

### APPEARANCES OF COUNSEL

**Mark H. Kelly** for plaintiff.
**William Keller** for defendant.

### OPINION OF THE COURT

RICHARD G. PAYNE, County Judge.

This cause having come on to be heard before the Court upon Plaintiff's Statement of Claim seeking judgment against defendants for $1,150. From the testimony of the parties, the Court makes and enters the following findings of fact and Judgment thereon.

### FINDINGS OF FACT

Plaintiff is a manufacturer and installer of home air conditioning

systems. Defendants are the owners of the real property in which a central air conditioning unit was installed. Defendants contracted with Ross-Black and Company, Inc., a general contractor, to construct a residential dwelling on their property. Ross-Black, in turn, sub-contracted with Confortemp Air Conditioning to install an air conditioning system for the dwelling. Plaintiff received a payment from Ross-Black upon completion of the duct-work and thereafter completed installation of the air conditioning system.

Subsequently, Ross-Black and defendants became engaged in a dispute and as a result thereof Plaintiff did not receive further payment. At no time has plaintiff filed the notices of commencement of work as contemplated by the Florida mechanics' lien law. Instead, plaintiff waives any entitlement to a lien and here seeks only a monetary judgment against defendants on the principles of implied contract and unjust enrichment. This is a case of first impression.

Defendants, in defense of plaintiff's claim, have produced two signed "Waiver of Lien" forms, one of which was given defendants on April 20, 1984 and was signed by a representative of Confortemp certifying receipt of payment by defendants of $1,090. (given after completion of the duct work). The second "Waiver of Lien" bore the date June 1, 1984 and was signed by a representative of Ross-Black acknowledging receipt of $5,000 from defendants. Testimony was adduced from the contractor Russell Black that this June 1, 1984 Waiver of Lien was never given to defendants as it had been filled out in advance and taken to defendant's home in anticipation of receiving payment, but that on this occasion the $5,000 payment had not been made and Black testified that the waiver must have been inadvertently left at defendant's premises at the time of Black's departure. Defendants have produced no cancelled check or other collaborative evidence that the $5,000 payment as claimed had been made.

The Court finds that the defendants have not fully paid either Ross-Black or plaintiff for the air conditioning unit now installed on defendant's premises.

The sole dispositive issue in this case is whether a contractor not in contractual privity with the property owner, who has made no attempt to comply with the mechanics' lien law, may, nevertheless, recover a money judgment on equitable principles of unjust enrichment.

A majority of States deciding this issue would deny recovery, finding plaintiff's entitlement affected by failure to comply with the mechanics'

lien statute.[1] Despite the seemingly peremptory wording of the Florida Mechanics' Lien statute, Florida would permit plaintiff to recover.

## FLORIDA LAW

The mechanics' lien law [713.06(3)(c)4] in part reads:

"No person furnishing labor or material, or both, who is required to serve a notice under paragraph (2)(a) and who did not serve the notice and whose time for service has expired shall be entitled to be paid by the owner because he is listed in an affidavit furnished by the contractor under subparagraph (c) 1.

Paragraph (2)(a) referenced above requires all lienors, except laborers, as prerequisite to perfecting a lien, to serve a notice on the owner setting forth the lienor's name and address, the legal description of the property and a description of the services or materials furnished or to be furnished. The notice must be served before commencement of work, but not later than owner's final payment to the general contractor.

One Florida Appellate Court has (by way of obiter dictum) declared that 713.06(3)(c)4 precludes all recovery if there is a failure to give the required timely notice.[2] This interpretation has been rejected by another appellate court in the case of *Peninsular Supply Company v. C.B. Realty of Florida Inc.*, 423 So.2d 500 (Fla. 3rd DCA 1982). Justice Ferguson in writing the opinion for the Third District Court of Appeal in *Peninsular* wrote:

"We therefore cannot accept appellee's argument that because appellant failed to perfect a statutory lien he is without any remedy, particularly an equitable lien to recover for materials which were furnished for the construction project and for which he has never been paid." at pages 501-502

In dismissing with the seemingly peremptory wording of 713.06(3)(c)4, the Court in *Peninsular* pointed out that at the time of enactment of this language the legislature "painstakingly" limited the statute's application to perfection of a statutory lien and by enactment at the same time of section 713.30 which provided that the remedies provided by this section were not to be construed as exclusive remedies

---

[1] 62 A.L.R. 3rd 288, *Building Construction Contracts—Rights of Subcontractor who has dealt only with primary contractor to recover against property owner in quasi contract.*

[2] *Sarasota Commercial Refrigeration and Air Conditioning Inc. v. Schooley*, 381 So.2d 1141 (Fla. 2d DCA 1980).

and, lastly, 713.06(3)(c)4 did not implicitly abrogate the common law right to an equitable lien.[3] The Court reasoned that the main legislative goal in the enactment of these amendments in 1977 was to overrule the opinion of the Supreme Court of Florida rendered in *Crane Co. v. Fine*, 221 So.2d 145 (Fla. 1969), which had construed the prior lien statute to allow for a secondary category of lienors consisting of those lienors who filed notices after the 45 day period had expired. These tardy lienors being entitled to an equitable lien and a right to share in a pro-rata basis those funds remaining after payment to those lienors who timely filed notices.

Accordingly, in Florida, failure of a lienor to follow the exact requirements of the mechanics' lien statute does not preclude the imposition of an equitable lien upon the land improved.

It then necessarily follows that a third party claimant may waive his right to impose an equitable lien and instead seek only recovery of a simple monetary judgment if the elements of implied contract or quasi contract have been established.

Defendants here are liable to plaintiff under the theory of unjust enrichment which arises by implication of law under the facts and circumstances of this case. That under this theory of quasi contract neither an actual promise to pay by the defendant land-owner nor privity of contract between the parties is necessary for recovery under the principles of equity, it is the duty of defendants to pay for the air conditioning unit installed in their dwelling. The owner in this case is receiving or will receive the benefit which it would be unjust for him to retain without recompense. The result would be contrary had defendants proven payment to the general contractor.

## JUDGMENT

The premises considered, it is

ORDERED and ADJUDGED that defendants Charles W. Peabody and Charles W. Peabody, Jr. are indebted to the plaintiff, Confortemp Air Conditioning, in the sum of $1,150, now, therefore,

It is CONSIDERED, ORDERED and ADJUDGED that said plaintiff do have and recover of and from said defendants the sum of $1,150 damages, together with the costs in this behalf expended and herein taxed at $53.00, for all of which let execution issue.

---

[3] This opinion differs somewhat from the interpretation given by the Second District Court of Appeal in *Stratton of Florida Inc. v. Cerasoli*, 426 So.2d 59 (Fla. 2d DCA 1983).