**Howard JONES, Robert Edwards, Bill Starr, Buc McLendon, Russell Warner, George Lewis, as Trustees of the Ironworkers Local #272 Pension Fund, Health and Welfare Fund and Apprenticeship Training Program, Plaintiffs-Appellees,**

v.

**DARIN & ARMSTRONG, INC., a Michigan Corporation and United States Fidelity & Guarantee Co., a Michigan Corporation; Defendants-Appellants,**

Frank J. Rooney, Inc., a Florida Corporation and American Insurance Co., a New Jersey Corporation, Defendants.

No. 84–5936.

United States Court of Appeals,
Eleventh Circuit.

April 7, 1986.

Richard W. Groner, David E. Gurley, Sarasota, Fla., for defendants-appellants.

W. Eric Venable, P.A., Tampa, Fla., for plaintiffs-appellees.

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge and SIMPSON, Senior Circuit Judge.

SIMPSON, Senior Circuit Judge:

Florida's "Little Miller Act", Fla. Stat. § 255.05 (1983), requires all general contractors for public works projects ("contractors") to post a performance and payment bond. A subsection of the statute, § 255.05(2), ("subsection 2") provides in part that no action may be instituted against the contractor or his surety by a "... claimant, except a laborer, who is not in privity with the contractor ..." unless he notifies the contractor within 45 days "... after beginning to furnish labor, material or supplies ... that he intends to look to the bond for protection." ("45-day notice" and "laborer's exemption"). The major issue presented on appeal is whether the trustees of a union's pension and welfare fund ("union fund") are exempt from the notice requirement.

The trustees of a union fund sued general contractor Darin & Armstrong and its surety, U.S.F. & G., under 29 U.S.C. § 185(a) to recover contributions owed the fund by Casteel Co., a subcontractor.[1] The answer to the complaint raised the affirmative defense that the claim was barred because the trustees had failed to file a 45-day notice. The trustees moved for summary judgment. The motion was granted as to liability only.[2] The district court held that the notice requirement did not apply because the trustees were entitled to claim the laborer's exemption. As authority for its holding, the district court cited *West Coast Trowel Trades Pension Fund v. Quality Concrete Co.*, 385 So.2d 1163, 1166 (Fla. 2nd Dist.Ct.App.1980), which holds that, as a matter of policy, union fund trustees are proper claimants under § 255.-05 because they "stand in the shoes" of laborers when they make claims for unpaid contributions which "... are considered the equivalent of wages due the employees...."

The appellants argue that the legislative history of the Little Miller Act and Florida's Mechanic's Lien Law, Fla.Stat. § 713.-

1. A second contractor and its surety were also named as defendants but were dismissed for reasons which are not material to this appeal.

2. Final judgment was later entered. We have jurisdiction under 28 U.S.C. § 1291.

01 *et seq.* (1983), and similarities in the language of the 45-day notice requirements and laborer's exemptions of each act mandate an interpretation of the term "laborer" which excludes the trustees. They argue the claims for union fund contributions will always be large and assert as controlling authority, a Florida court's opinion in a mechanic's lien case which held that the rationale behind the laborer's exemption "... is that an individual laborer will not work long without pay and consequently will not have a large hidden claim." *Morgan v. Goodwin*, 355 So.2d 217, 218 (Fla. 1st Dist.Ct.App.1978). The argument would have some credibility if we were not *Erie*-bound by decisions which hold that the bonding and notice requirements of the two acts are designed to serve different purposes.

The Mechanic's Lien Law requires a contractor to post a bond to protect the landowner's property against foreclosure of mechanic's liens. See, *Coordinated Constructors v. Florida Fill, Inc.*, 387 So.2d 1006, (Fla. 3d Dist.Ct.App.1980), Fla.Stat. § 713.23(1) (1983). The purpose of the 45-day provision of that statute's notice requirement, § 713.23 which also allows for a laborer's exemption, "... is to protect the owner from having to pay twice for the same labor or material by allowing him to impound money which would otherwise be paid the contractor." *Morgan v. Goodwin*, 355 So.2d at 218.

The Little Miller Act bond, on the other hand, is designed to protect the claims of laborers, subcontractors, materialmen and suppliers who have no right to file a mechanic's lien against a governmental landowner. *Gergora v. R.L. Lapp Forming, Inc.*, 619 F.2d 387, 389 (5th Cir.1980) (interpreting Fla. case law). The 45-day notice provision of subsection 2 "... protects the contractor and the contractor's surety from having to account to unknown suppliers and subcontractors by putting the burden on the claimants to advise the contractor and the surety of their participation on the project and to advise if they are not promptly paid." *School Board of Palm Beach County v. Vincent J. Fasano, Inc.*, 417 So.2d 1063, 1065 (Fla. 4th Dist.Ct.App. 1982). A contractor does not require the same degree of protection as is afforded a landowner because he presumably knows how much work he has subcontracted and from the bids submitted has some idea of the manhours necessary to complete the job and the costs to be incurred.[3] As two Florida courts have noted:

> If any part of the work is sublet or the contractor assigns his contract, it is an easy matter for him to take security from the subcontractor that all obligations for labor and materials shall be paid.

*J.B. McCrary Co. v. Dade County*, 80 Fla. 652, 86 So. 612, 616 (1920). See, also, *Winchester v. Florida Electric Supply, Inc.*, 161 So.2d 668, 669 (Fla. 1st Dist.Ct.App. 1964). In a mechanic's lien situation, a private landowner has no similar power of gaining additional security from subcontractors. Consequently, he must be granted greater protection against unknown claims arising from the subcontractor's defaults.

We conclude that the policy behind subsection 2 does not require an interpretation of the laborer's exemption which is so narrow as to exclude from its coverage the trustees of a union fund who seek to recover the equivalent of a portion of the laborer's wages from a general contractor who was in privity with the defaulting subcontractor. To the contrary, such a holding would defeat the overall purpose of the Little Miller Act. The appellants have failed to show that the district judge erred in holding that the trustees are entitled to claim the exemption from notice granted to the laborers whom they represent. We therefore affirm the summary judgment entered on the question of liability.

---

**3.** The fact that the 45-day notice also serves as notice of the claimant's intent to look to the bond for protection, *W.G. Mills, Inc. v. M & MA Corp.*, 465 So.2d 1388, 1392 (Fla. 2d Dist.Ct.App. 1985), has no bearing in this case. Subsection 2, by its terms, presumes that laborers will claim against the bond.

 The appellants have also argued that the district judge abused her discretion in (1) denying a motion to delay consideration of summary judgment in order to allow the defense to depose two of the subcontractor's supervisory employees and, (2), in denying a motion, filed pursuant to Fed.R.Civ.P. 60(b), which requested that the judgment be set aside as improvidently entered in the absence of the two depositions. The appellants assert that the answers to the depositions would have "factually demonstrated how the policies behind the notice statute were thwarted by the trustee's failure to give notice." (Appellants' brief p. 5).

We note that the appellants made no prejudgment showing that the facts elicited at the deposition would have been relevant to the issue of statutory interpretation. We further note that the alleged jurisdictional failure to comply with § 255.05(2) was first raised by the defense in November, 1983 and that in March, 1984, the court ordered the parties to be ready for trial at the end of May. Any discovery that the defense needed to prove its affirmative defenses could have been initiated during the intervening two months and should have been near completion on the day that the trustees filed their motion for summary judgment, May 16. Judgment on the issue of liability was not entered until September 28. The appellants had more than ample time to prepare their defense. On the basis of our examination of the entire record, and particularly the foregoing facts, we find the appellants' assertions that the district judge abused her discretion are wholly without merit.

For the reasons stated above, the judgment is

AFFIRMED.