543 So.2d 843 (1989)
SOUTHERN STEEL COMPANY, a Texas Corporation, Appellant,
v.
HOBBS CONSTRUCTION & DEVELOPMENT, INC., a Florida Corporation, the American Insurance Company, W.S. Lee Company, Inc. and Reliance Insurance Company, Inc., Appellees.
Nos. 88-1547, 88-2481.
District Court of Appeal of Florida, Third District.
May 16, 1989.
*844 James E. Glass and Linda M. Dickhaus, Miami, for appellant.
Carlton, Fields, Ward, Emmanuel Smith & Cutler and Stephen D. Marlowe and Matthew S. Steffey, Tampa, Lewis & McKenna and James W. Anderson, Tallahassee, for appellees.
Before HUBBART, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
In 1983, Hobbs Construction & Development Inc., contracted with the State of Florida to build a reception center for a correctional institution. Hobbs subcontracted with W.S. Lee Company, Inc. to furnish security hardware and door frames for the project. Southern Steel Company, a supplier, instituted this action against Hobbs, Lee, and their insurers, to recover an unpaid balance of $467,000 owed for materials used by Lee on the project.
The action against American Insurance Company, Hobbs's insurer, proceeded on a labor and material payment bond which obligated American to pay in the event a materialman, such as Southern Steel, was not paid by a subcontractor. Reliance Insurance Company was made a defendant by virtue of a supply contract bond with Lee which specifically obligated Reliance to pay Hobbs, the general contractor, in the event of a default by Lee.
Southern Steel appeals a final judgment granting summary judgment in favor of Reliance and Lee, and dismissing its complaint against American and Hobbs for failure to state a cause of action. We consider first the claim against Hobbs and American.
Section 255.05, Florida Statutes (1987), requires a contractor's surety to issue a payment bond to provide security for materialmen. Hobbs contends that it executed a proper labor and material bond but that Southern Steel failed to comply with statutory notice requirements in order to bring *845 an action on the bond. Southern Steel alleged direct privity with Hobbs, which obviated the statutory notice requirement, since it negotiated and executed a joint check agreement with the contractor whereby Hobbs agreed to pay invoices for materials supplied to subcontractor, Lee, by checks issued jointly to Lee and Southern Steel. Southern Steel also alleged that it relied upon that agreement in furnishing supplies to Lee.
After discovering that Lee had forged Southern Steel's endorsement and had negotiated the checks for its own account, Hobbs ceased making joint payments and began making payments directly to Southern Steel. Over $277,000 had been paid directly to Southern Steel when Hobbs ceased making payments. The trial court in its final judgment found no privity between Hobbs and Southern Steel and that Southern Steel failed to give timely notice of claim as required by section 255.05. The complaint was dismissed with prejudice.
Southern Steel's allegations of privity, based on the joint check agreement and other conduct of Hobbs pursuant to the agreement, along with allegations of notice by letter in satisfaction of section 255.05, are sufficient to withstand a motion to dismiss. A motion to dismiss predicated upon a plaintiff's failure to comply with notice requirements is not sufficient to negate allegations as to notice contained in the complaint; such allegations are assumed to be true for the purpose of the motion. Chaulsett v. City of Ft. Lauderdale, 272 So.2d 163 (Fla. 4th DCA 1973). Further, actual notice may be sufficient to satisfy the notice requirement even though not in compliance with the statute. See Blosam Contractors, Inc. v. Joyce, 451 So.2d 545 (Fla. 2d DCA 1984) (whether notice provisions of statute have been satisfied must be decided on a case-by-case basis); United States of America f/u/b/o Greenwald Indus. Prods. Co., Inc. v. Barlows Commercial Co., 567 F. Supp. 464 (D.D.C. 1983) (actual notice was sufficient to satisfy statutory requirement even though not in strict compliance with notice provision).
Privity between a subcontractor and an owner, for purposes of determining whether formal statutory notice is required, contemplates an express or implied assumption by the owner of a contractual obligation to pay for the subcontractor's services. Foley Lumber Co. v. Koester, 61 So.2d 634 (Fla. 1952). We agree that the same standard applies in a section 255.05 bond claim on allegations that the contractor expressly or impliedly assumed the subcontractor's obligation to pay a supplier. On the theory of privity a cause of action was fairly stated.
The summary judgment entered for Reliance is affirmed. Southern Steel was not an intended beneficiary under the supply contract bond sued upon. Any benefit flowing to Southern Steel out of that insurance contract was only incidental. American Fire and Casualty Co. v. Charles Sales Corp., 203 So.2d 670 (Fla. 4th DCA 1967), cert. denied, 210 So.2d 866 (Fla. 1968); State of Florida f/u/b/o Westinghouse Elec. Supply Co. v. Wesley Constr. Co., 316 F. Supp. 490 (S.D.Fla. 1970).
We reverse the final judgment insofar as it dismisses Southern Steel's claim against Hobbs and American Reliance, affirm the summary judgment in favor of Lee and Reliance, and remand the cause for further consistent proceedings.