569 So.2d 1355 (1990)
TREMACK CO., Appellant,
v.
FEDERAL INSURANCE COMPANY, Appellee.
No. 90-1136.
District Court of Appeal of Florida, Third District.
November 13, 1990.
Dennis G. King, Miami, for appellant.
Welbaum, Zook & Jones, and Peter C. Jones, and Kenn W. Goff, Coral Gables, for appellee.
Before NESBITT, JORGENSON and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Tremack Co., appeals a final summary judgment in favor of appellee, Federal Insurance Company, on appellant's claim to recover on a payment bond. We affirm.
Appellant entered into a contract with Homestead Paving Company (Homestead) to install paving stones at the Miami Arena project. Homestead was a subcontractor on the project for the general contractor, Linbeck Construction Corporation (Linbeck). Appellee, as surety, posted a payment bond for Linbeck, as principal, for work done on the project, pursuant to section 255.05, Florida Statutes (1989).
The contract between appellant and Homestead denominated appellant as the "Subcontractor" and Homestead as the "Contractor." The contract specifically provided for appellant "to furnish all material, labor, equipment, supplies, etc. and *1356 perform all work" for the prescribed paving at the site.
Appellant completed the construction work and brought suit against appellee, pursuant to the payment bond, for uncompensated work. After appellee filed its answer and discovery took place, appellee moved for summary judgment based on appellant's failure to comply with the forty-five (45) day notice requirement of section 255.05(2), Florida Statutes.
Appellant contends the trial court erred in entering final summary judgment because appellant was a "laborer" and exempt from the statutory forty-five (45) day notice requirement. Appellee asserts that the trial court properly entered summary judgment because appellant was not a laborer and did not comply with the forty-five (45) day notice requirement of section 255.05(2), Florida Statutes.
Subsection (2) of section 255.05, Florida Statutes, provides in part:
A claimant, except a laborer, who is not in privity with the contractor and who has not received payment for his labor, materials, or supplies shall, within 45 days after beginning to furnish labor, materials or supplies for the prosecution of the work, furnish the contractor with a notice that he intends to look to the bond for protection. [Emphasis added].
The rule is well-settled that a condition precedent to a claimant's action against a surety on a payment bond, is compliance with the forty-five (45) day notice requirement. D.I.C. Commercial Construction Corp. v. Knight Erection & Fabrication, Inc., 547 So.2d 977 (Fla. 4th DCA 1989); Harvesters Group, Inc. v. Westinghouse Electric Corporation, 527 So.2d 257 (Fla. 3d DCA), review denied, 536 So.2d 246 (Fla. 1988); see Stratton of Florida, Inc. v. Cerasoli, 426 So.2d 59 (Fla. 2d DCA), review denied, 434 So.2d 886 (Fla. 1983). It is uncontroverted that appellant failed to give the required statutory notice.
The definition of "laborer" contained in the Mechanics' Lien Law is instructive in determining whether appellant was a "laborer" and thus, exempt from the notice requirement of section 255.05(2), Florida Statutes. See Blosam Contractors, Inc. v. Joyce, 451 So.2d 545 (Fla. 2d DCA 1984). Section 713.01(9), Florida Statutes (1989), defines a laborer as:
[A]ny person other than an architect, landscape architect, engineer, land surveyor, and the like who, under properly authorized contract, personally performs on the site of the improvement labor or services for improving real property and does not furnish materials or labor service of others.
The record reflects, through deposition testimony, that appellant was more than a "laborer." Appellant's Vice President, Arthur LaGuette testified that appellant sought compensation for both labor and materials and that appellant, in fact, had hired workers from other companies to work on the project.
In this case, the contract appellant had with Homestead specifically provided for appellant to furnish not only labor, but equipment and supplies. In seeking compensation for materials and in furnishing the labor service of others, appellant "departed from the special protection afforded laborers." Morgan v. Goodwin, 355 So.2d 217, 218 (Fla. 1st DCA 1978); see § 713.01(9), Fla. Stat.
Moreover, it is clear that appellant's work at the project was that of a "sub-subcontractor." The Mechanics' Lien Law defines sub-subcontractor as "a person other than a materialman or laborer who enters into a contract with a subcontractor for the performance of any part of such subcontractor's contract." § 713.01(17), Fla. Stat. (1989). Here, appellant's contract with Homestead bound appellant to perform part of Homestead's subcontract with Linbeck, the general contractor on the project.
There being no genuine issue of material fact, appellant's claim that it was a laborer, and thus, exempt from the statutory notice requirement, fails as a matter of law. §§ 255.05(2), 713.01(9), Fla. Stat.
Having concluded the other point raised by appellant concerning privity to be without *1357 merit, the final summary judgment appealed is affirmed.