PER CURIAM.
In this mechanic’s lien case, Dennis Barber challenges an order of final summary judgment in favor of the property owner. Section 713.06, Florida Statutes (2008), allows for a lien on real property where the lienor has served notice of his claim on the property owner. An exception to the notice requirement is made for “laborers.” See § 713.06(2)(a), Fla. Stat. It was undisputed that Barber did not serve the notice required by section 713.06(2)(a). The trial court thus entered final summary judgment in favor of the property owner upon finding that, as a matter of law, Barber was not a “laborer.” See § 713.01(16), Fla. Stat. (2008) (defining “laborer”). As we conclude that genuine issues of material fact remain concerning Barber’s status as *900 a “laborer,” we reverse the summary judgment and remand for further proceedings. See Progressive Express Ins. Co. v. Cantillo, 80 So.3d 394, 399 (Fla. 4th DCA 2012) (“A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.”). Morgan v. Goodwin, 355 So.2d 217 (Fla. 1st DCA 1978), is distinguishable on its facts and not dispositive of the instant case.

Reversed and Remanded.

STEVENSON, GERBER and LEVINE, JJ., concur.