JOHN JOHNSON and another *vs.* JAMES C. STOUT, impleaded, etc.

February 10, 1890.

**Mechanic's Lien—Sufficiency of Statement.**—Statement for a mechanic's lien, filed by one doing work and furnishing material for a contractor with the owner, *held* to sufficiently set forth the items, and state the time.

Appeal by defendant Stout from an order of the district court for Ramsey county, *Kelly*, J., presiding, overruling his demurrer to the complaint in a suit to enforce a subcontractor's lien.

*T. R. Palmer*, for appellant.

*Knappen, Odell & Wright*, for respondents.

GILFILLAN, C. J. The chief objection made here to the "lien statement" filed is that it fails to sufficiently itemize the materials and labor claimed to have been furnished and performed as the basis for the lien. In determining such a question, the "account" filed, and the affidavit filed with it, must be taken together. In this account the items of material, and those for labor, are stated separately, in this manner:

"Aug. 2, 1888.

"To three car-loads of brown sandstone delivered at J. C. Stout's
  building in St. Paul, Minn., between Aug. 2 and Sept. 27, 1888,    $259 80"
"To paid men for cutting said stone between the aforesaid dates,    387 75"

The affidavit states that "the prices thereof set forth in said account are just and reasonable." From a statement in the affidavit that the material and labor in the account set out was furnished and performed under a verbal contract between plaintiffs and the defendant's contractor, it may fairly be inferred that the prices stated were agreed on. The defendant contends that the account should state how many feet, yards, or pieces of stone were furnished, and at what price or value per foot, yard, or piece, and how many days' work were done, and the price or value per day.

If the prices stated in the account are to be taken as the gross contract prices, as between plaintiffs and defendant's contractor, then, within the decisions in *King* v. *Smith, supra,* p. 286, and *Leeds* v. *Little, supra,* p. 414, (filed at this term of the court,) it was enough to state the gross contract prices. But, whether the account is to be taken as stating the gross contract prices, or the sum of the contract prices, or the reasonable values of the items, we think the items are stated with sufficient particularity. The account and affidavit are to serve as notice that the party has or claims a lien, and on what account. If the account be stated with reasonable certainty and detail, so that the owner, where the items are furnished to a contractor, may be able to investigate the fairness and justice of the claim, and be prepared to defend against it, all the purposes of notice are accomplished. To require anything more than that, as some decisions under the statutes of other states seem to do, cannot be for the benefit and protection of the owner, but rather for the embarrassment of the lien claimant.

It not being essential that the exact day of furnishing the material or doing the work should be stated in the lien statement, provided the statement appears to have been filed in time, the statement that it was "between Aug. 2 and Sept. 27, 1888," is sufficient as to the time.

Order affirmed.