BENJAMIN F. KNAUFT *vs.* CONRAD W. MILLER and others.

December 15, 1890.

Mechanic's Lien — Separate Contracts for Two Houses on Two Lots— Subcontract for Labor and Material for Both Houses—Lien Statement.—The owner of two lots of land, designated as lots 7 and 8, entered into two separate contracts with the same person, one of which was for the construction of a house on lot 7, for a stated price, and the other for the construction of a house on lot 8, for another specified price. The appellant contracted with the original contractor to do the plumbing for both houses for one entire price. He filed a lien statement showing that the furnishing of labor and material commenced at a specified time, more than six months prior to the filing of the statement, and showing also when the work was completed. *Held,* (1) that the subcontractor was not entitled to a lien upon both lots for what was done under his entire contract; (2) that the lien statement was insufficient to entitle him to a lien upon either lot separately, because it did not show that any part of what was done with respect to either particular lot was done within the period of six months prior to the filing of the lien.

45   61
52   530

Appeal by defendant Allan Black from an order of the district court for Ramsey county, *Otis,* J., presiding, denying his motion for a new trial. The action was brought by plaintiff against defendant Miller, the owner of the premises, and August Benson the principal contractor, to enforce a mechanic's lien, Allan Black and others being made defendants as also claiming liens. Defendant Black an-

swered, alleging a lien to the amount of $421.91 on lot 8, and to the amount of $223.60 on lot 7, for labor and materials under the sub-contract mentioned in the opinion. The court held that he was not entitled to a lien.

*William G. White*, for appellant.

*Harris Richardson*, for respondent.

DICKINSON, J. The respondent Miller is the owner of lots 7 and 8 in block 1 of Edwin Dean's subdivision of part of Smith & Lott's outlots, in the city of St. Paul. This plaintiff sues to en-force a mechanic's lien against lot 7. The defendants, other than Miller, assert and seek to enforce other mechanic's liens against the same premises. We are to consider, on this appeal of the de-fendant Black, whether he acquired a lien upon the premises. The following are the facts of the case: Miller, the owner of the prem-ises, entered into a contract with one Benson, whereby the latter undertook to furnish all material and labor, and to construct a double dwelling-house on lot 8, for which Miller was to pay him a specified sum. The same parties entered into another and separate contract, whereby Benson undertook to provide material and labor, and to construct a single dwelling-house on lot 7, for which Miller was to pay him a specified sum. Afterwards, the appellant Black entered into a contract with the original contractor, Benson, whereby he agreed to do the plumbing and gas-fitting in both houses for the entire price of $645.51, which contract he performed. On the 10th day of September, 1889, Black filed his lien claim, in which the items of labor and material furnished in the performance of his contract were set forth. The times or period of time within which the labor was done and the material supplied was not shown other-wise than by the general statement that the first of it was on the 10th of January, 1889, and the last on the 6th of April, 1889. It was stated that a specified amount, in value, of the labor and ma-terial was for the double house on lot 8, and that another speci-fied amount was for the single house on lot 7. The contract of Black with Benson and the entire contract price for the whole work were stated. A claim of a lien upon the whole premises for the whole contract price ($645.51) was asserted in the lien statement, and also

a claim of a lien upon the separate lots for specified sums which go to make up the former amount.

The appellant is not entitled to a lien upon both lots for what was done under his entire contract. *Landers* v. *Dexter*, 106 Mass. 531. To charge the whole property with a lien to the extent of the whole contract price would in effect impose a lien upon each separate building and lot, not only for the labor and material expended upon it, but for that expended upon the other building and lot. The distinct independent contracts made by the owner would not have justified the original contractor in claiming a lien upon either lot, except for labor or material expended upon the particular lot sought to be so charged, and this subcontractor could secure no such general lien which the original contractor could not have done.

The lien statement was insufficient to perfect a lien upon either lot separately, for the reason that it does not appear therefrom that any of the material or labor for either lot was furnished or done within the period of six months prior to the filing of the lien. It does appear that it was all done, for both lots, between January 10th, and April 6th, inclusive. But when we consider whether lot 7, for instance, is subject to a lien for what may have been expended upon that lot, it is apparent that the lien statement does not show that any of the labor or material appropriated to that lot was done or supplied later than January 10th. It may have been all supplied on that day or at about that time, and what was subsequently done may have been wholly upon the other lot. The statute (Gen. St. 1878, c. 90) makes it essential that the lien statement should show that a right of lien exists, and it must appear that the contribution of labor or material was within such a period of time that a right of lien exists therefor when the lien statement is filed. By section 6 the account was required to be filed within six months after the time of performing the labor or furnishing the material, and the lien thus perfected was to continue for two years from the commencement of the same. Section 18, prescribing a form of affidavit, shows that it was deemed important that it should appear when, or at least within what period of time, the labor or material had been supplied. The prescribed form is "that said labor was performed and material was

furnished   *   *   *   *at the time* in said account mentioned." While in *Johnson* v. *Stout,* 42 Minn. 514, (44 N. W. Rep. 534,) relied upon by the appellant, it was considered that the exact day need not be stated, it was added: "Provided the statement appears to have been filed in time." Without considering other questions raised in the case, we hold that, for the reason above stated, the order refusing a new trial should be, and it is, affirmed.