OWEN, Judge.
Appellant brought an action against the owner of certain real property to enforce an alleged materialman’s lien. The matter came to trial. The court granted defendant owner’s motion for judgment at the close of the plaintiff’s case. The plaintiff takes this appeal from the judgment entered. We affirm.
The evidence considered most favorably to the plaintiff [1] is stated briefly as follows: Defendant owner, constructing a 130-unit apartment building, contracted with one Robbins for the plumbing therein. Robbins in turn contracted with the plaintiff for the plumbing supplies. Pursuant thereto, plaintiff supplied $24,592.02 worth of plumbing supplies and materials for which it had received payment of approximately $17,000.00, the suit being for the balance. As Robbins ordered the plumbing materials, plaintiff supplied the same either from its own warehouse or by arranging direct shipment from the manufacturer. All plumbing materials thus supplied were at the specific request of the plumbing contractor for this particular job and were invoiced to Robbins showing the job designation. Plaintiff, at the request of Robbins, delivered a substantial portion of the plumbing materials to the plumbing contractor’s warehouse or shop, ostensibly for the purpose of the plumbing contractor fabricating such materials in his shop for incorporation into the improvement. Plaintiff was unable to furnish any evidence as to what portion of the total materials supplied by it was delivered to the job site and what portion was delivered to the plumbing contractor’s shop. Plaintiff did not itself specially fabricate any of the materials for incorporation into the improvement, and offered no proof that any of the materials delivered to the plumbing contractor’s shop were thereafter specially fabricated for incorporation into the improvement,[2] nor any proof that any of the materials delivered to the general contractor ever reached the job site.
The plaintiff claimed a lien under F.S. Section 84.022(4), F.S.A.1963,[3] by virtue of "furnishing materials” as defined by F.S. Section 84.011(6), F.S.A.1963.[4] For the purpose of this case the plaintiff could “furnish materials” by either (1) supplying materials which were incorporated in the improvement, or (2) specially fabricating materials for incorporation into the improvement. The lien claimant must *44 prove the “furnishing of materials” in order to establish a lien,[5] but it would be an insurmountable burden for a material-man to prove that' every item of material supplied by him was actually incorporated into the improvement; consequently, F.S. Section 84.011(6), F.S.A.1963, provides that the delivery of materials to the site of the improvement shall be prima facie evidence of incorporation of such materials in the improvement.
Appellant takes the position that this latter provision should aid it in making a prima facie case since appellant’s evidence showed that all of the materials covered in the invoices were either delivered to the job site or to the plumbing contractor's shop for fabrication. We do not agree. A mechanic’s lien is entirely statutory and unless the lien is expressly created it does not exist.[6] The statute having provided a means whereby the materialman can acquire a lien, there must be strict compliance with the statute.[7] The statute giving a lien to one who “furnishes materials” clearly does not include within the definition thereof the supplying of materials to a contractor where there is no showing that the materials were specially fabricated for incorporation in the improvement, nor any showing [either conclusively or prima facie] that the materials were incorporated in the improvement.
Appellant’s evidence, considered in the light most favorable to it, was simply insufficient as a matter of law to establish a lien in its favor and the court was therefore correct in granting appellee’s motion for judgment.
Affirmed.
WALDEN, C. J., and DOWNEY, JAMES C., Associate Judge, concur.

. Rodi v. Florida Greyhound Lines, Inc., Fla.1952, 62 So.2d 355.

. We express no opinion as to whether special fabrication by the plumbing contractor would have benefited the material-man, since there is no evidence to clearly establish that the plumbing contractor did specially fabricate any of the materials. But Cf. Surf Properties v. Markowitz Bros., Fla.1954, 75 So.2d 298.

. Now F.S. Section 713.02(4), F.S.A.1967.

. Now F.S. Section 713.01(6), F.S.A.1967.

.Nathman v. Chryey, Fla.App.1958, 107 So.2d 782.

.Fell v. Messeroff, Fla.App.1962, 145 So.2d 238.

.Shaw v. Del-Mar Cabinet Co., Fla.1953, 63 So.2d 264; Leedy v. First Federal Savings & Loan Association of Cocoa, Fla.App.1962, 142 So.2d 99.