354 So.2d 390 (1978)
The AMERICAN INSURANCE COMPANY, Appellant,
v.
COLEY ELECTRIC SUPPLY COMPANY, INC., a Corporation, Appellee.
No. FF-165.
District Court of Appeal of Florida, First District.
January 10, 1978.
Rehearing Denied February 16, 1978.
Alan B. Fields, Jr. of Dowda, Hedstrom & Fields, Palatka, for appellant.
Martin S. Page of Darby, Peele, Page & Bowdoin, Lake City, for appellee.
MELVIN, Judge.
The appellant-defendant brings its appeal from a final judgment entered against it and in favor of Coley Electric Supply, Inc., a corporation. The appellant-defendant will herein be referred to as American and the appellee, Coley Electric Supply Company, Inc., will be referred to as Coley.
Coley brought its action against American alleging that American, as the corporate surety on a payment and performance bond, was obligated to pay to Coley sums alleged to be due, in accordance with Florida Mechanics Lien Law, for materials sold to Moody Brothers, a subcontractor under E.E. Dean Snavely, Inc., general contractor for the construction of the Suwannee County Mall owned by Leslie W. Rogers, Inc. American issued the corporate surety payment performance bond for performance by the general contractor in accordance with Section 713.23, Florida Statutes.
Coley could have joined Moody, Snavely or Rogers as party defendants but was content to seek relief directly against American as a corporate surety, thrice removed from privity with Coley.
The final judgment entered in favor of Coley was in the sum of $44,942.74. We reverse.
An issue in the trial was whether any of the materials sold by Coley to Moody, the subcontractor, were ever delivered to the job site. The testimony reveals that no materials were ever delivered by Coley to or in the State of Florida. No witness testified as to personal knowledge of delivery to or the incorporation of any of the materials for which payment was sought in the Suwannee County Mall project in accordance with Section 713.01, Florida Statutes. The trial court stated its view of the matter to be: "... It is a reasonable *391 assumption or a reasonable presumption that it was delivered to the job and incorporated and used on the project... ."
To be entitled to a lien for furnishing materials pursuant to Chapter 713, there must be presented to the court evidence establishing that the materials were delivered to the improvement project or that the materials were specially fabricated for incorporation therein. See Beautyware Plumbing Sup. Co. v. Columbiad Apts., Inc., 215 So.2d 42 (Fla. 4th DCA 1968). The provisions of Section 713.01(6), Florida Statutes, relating to the incorporation of materials in the improvement project does not come into operation until first there has been evidence to establish that such materials have been delivered to the site. Proof of delivery is the burden of he who seeks the benefit of the presumption afforded by the statute.
There being no evidence reflected in this record that would support liability on the part of American, it follows that the final judgment against it must be and the same is hereby reversed with directions that the trial court enter final judgment in favor of the American Insurance Company.
REVERSED with directions to enter judgment in accord with this opinion.
BOYER, Acting C.J., and SMITH, J., concur.