384 So.2d 61 (1980)
PILOT ELECTRICAL CONSTRUCTION COMPANY, INC., a Florida Corporation, Appellant,
v.
Dean W. WATERS and Don M. Waters, Appellees.
No. 00-176.
District Court of Appeal of Florida, First District.
June 5, 1980.
W.K. Lally, Jacksonville, for appellant.
Adam G. Adams, II of Adams & Adams, Jacksonville, for appellees.
LARRY G. SMITH, Judge.
The trial court was correct in granting summary judgment denying appellant's mechanics lien claim. All work on the project, and the contract under which appellant commenced the furnishing of labor and materials on the job, post-dated the amendment to Section 713.06, Florida Statutes, effective July 1, 1978. As amended, that section provides that the 45-day notice to the owner, required as a prerequisite to the perfecting of a lien by persons not in privity with the owner,
... must be served regardless of the method of payments by the owner, whether proper or improper, and shall not give to the lienor serving the notice any priority over other lienors in the same category, and the failure to serve the notice shall be a complete defense to payment by any person, except a person with whom the lienor failing to serve the notice has a contract... .
This amendment was a categorical rejection of the decision in Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969), which construed the former statute as establishing a "priority" category for lienors filing within the 45-day period, and allowing a "pro-rata" recovery for late filers to the extent of sums remaining due from the owner to the contractor. See Sarasota Commercial Refrigeration and Air Conditioning v. Schooley, 381 So.2d 1141 (Fla.2nd DCA 1980).
Appellant's contention that its oral modification of the written agreement with the general contractor, after seventy percent of the work had been completed, started a new 45-day period running is without merit. The work was commenced and completed under three building permits, pursuant to a written contract. The mere fact that substantial *62 changes were made in the actual installation of electrical service and equipment did not alter the time sequence required for serving notice to the owner. The work and materials were for essentially the same project, at the same location, and it is undisputed that commencement of the work, the original agreement and the building permits authorizing same, commenced considerably more than 45 days prior to appellant's service of the notice to the owner.
The statute is clear, and we find no genuine issue of material fact. The judgment, accordingly, is AFFIRMED.
MILLS, C.J., and SHIVERS, J., concur.