423 So.2d 500 (1982)
PENINSULAR SUPPLY COMPANY, Appellant,
v.
C.B. DAY REALTY OF FLORIDA, INC., and the Haskell Company, Appellees.
No. 81-1973.
District Court of Appeal of Florida, Third District.
December 14, 1982.
*501 Smith & Hulsey and Douglas P. McClurg, Jacksonville, Stephen B. Rakusin, Gainesville, for appellant.
Rogers, Towers, Bailey, Jones & Gay and G. Kenneth Norrie, Jacksonville, for appellees.
Before HENDRY, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
We reverse the order of the trial court dismissing appellant's complaint seeking to impress an equitable lien against undisbursed construction funds.
Appellant, Peninsular Supply Company, is a materialman not in privity with the owner. The owner C.B. Day entered into a contract with a general contractor HASKELL to construct a motel in Dade County, Florida. HASKELL subcontracted with BUTLER[1] for plumbing materials and supplies. BUTLER entered into an arrangement with PENINSULAR whereby the latter would furnish supplies on an open account. BUTLER defaulted on its contract to pay PENINSULAR, owing PENINSULAR some $60,000 for materials furnished to the construction project. PENINSULAR'S Notice to Owner, a prerequisite to perfecting a lien under the Mechanics' Lien Statute, Florida Statutes, Chapter 713 (1979), was invalid because it was not filed within 45 days from the first furnishing of materials. § 713.06, Fla. Stat. (1979). The trial court dismissed the complaint to impress an equitable lien upon the undisbursed construction funds for the stated reason that there was no perfected statutory lien.[2]
Section 713.06 painstakingly limits its application to perfection of a statutory lien[3] and section 713.30 provides that the remedies provided by that section shall not be an exclusive remedy.[4] We therefore *502 cannot accept appellees' argument that because appellant failed to perfect a statutory lien he is without any remedy, particularly an equitable lien, to recover for materials which were furnished for the construction project and for which he has never been paid.[5] To the contrary, the doctrine of equitable liens came into existence to remedy those situations where, as here, there is either an absence of an available lien or no adequate remedy at law. Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (1925); In re Estate of Donner, 364 So.2d 742 (Fla. 3d DCA 1978). A lien claimant not in privity, who files an untimely notice to the owner, though without a statutory remedy, is entitled to participate with lienors of equal priority out of any funds remaining in the hands of the owner at the time of the filing of the notice, provided the funds are not consumed by other claimants having greater priority. Royal v. Clemons, 394 So.2d 155, 159 (Fla. 4th DCA 1981).
We also disagree that the 1977 Amendments (Ch. 77-353, Laws of Florida) to Chapter 713, Florida Statutes, entitled "AN ACT relating to mechanics' liens; ..." implicitly abrogated the right to an equitable lien. Abrogations by implication are not favored. Tamiami Trail Tours, Inc. v. City of Tampa, 159 Fla. 287, 31 So.2d 468 (1947). Unless a statute clearly and explicitly states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law by implication. Cullen v. Seaboard Air Line R. Co., 63 Fla. 122, 58 So. 182 (1912); State v. Michell, 188 So.2d 684 (Fla. 4th DCA 1966); Reeves v. Eckles, 77 Ill. App.2d 408, 222 N.E.2d 530 (1966). The equitable lien doctrine is firmly established in Florida. 34 Fla.Jur.2d, Liens § 6 (1982). It arises when declared by a court of equity out of a general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case. Jones v. Carpenter, 106 So. at 129; In re Estate of Donner, 364 So.2d at 752. If the legislature had intended that a materialman who failed to give a timely notice to the owner should be without any remedy, specifically an equitable lien, it would have said so explicitly, in light of the number of cases which had previously construed the statute. When the legislature reenacts a statute, it is presumed to know and adopt the construction placed thereon by courts or administrators, except to the extent to which the new enactment differs from prior constructions. See National Lead Co. v. United States, 252 U.S. 140, 147, 40 S.Ct. 237, 64 L.Ed. 496 (1920); State ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson, 286 So.2d 529 (Fla. 1974). The 1977 Revision made clear that a claimant not in privity with the owner who did not perfect lien rights by giving proper notice was completely without a remedy under the mechanics' lien statute, rejecting Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969) (which held plaintiff could perfect both an equitable and statutory lien, though statutory prerequisites had not been met), only insofar as the case allowed a secondary type *503 of statutory mechanics' lien for a claimant who filed a notice after the time for filing had expired. [e.s.].
Appellees, as owner and general contractor, have no right to title or interest in any funds remaining except as security for the payment of materialmen, servicemen, or laborers who, like appellant, remain unpaid by reason of a breach of contract by a subcontractor, and the court will not permit retention by the owner or general contractor of funds which in equity and good conscience belong to an unpaid supplier. Crane Co. v. Fine, 221 So.2d at 149. The purpose of the Mechanics' Lien Law is to prevent an owner from being obligated to pay for an improvement more than once. Morgan v. Goodwin, 355 So.2d 217, 218 (Fla. 1st DCA 1978); W.W. Gay Mechanical Contractors, Inc. v. B.J. Case, 275 So.2d 570 (Fla. 1st DCA 1973). It was not intended, nor shall we interpret it to permit an unjust enrichment.
The complaint alleges that plaintiff furnished materials and supplies which were incorporated into appellees' construction project; that there was a default by a subcontractor of an agreement to pay for the materials and supplies; that the statutory notice was not filed timely which may preclude an action on a mechanics' lien; and that there are undisbursed construction funds held by appellees, payable to the subcontractor, sufficient to pay the subcontractor's debt to appellant. It is asserted here on appeal, without contradiction, that the subcontractor is insolvent. Although the issue was not considered by the trial court, from this record it appears that appellant has, or at least can, sufficiently plead a claim based on an equitable lien theory.
Reversed and remanded for further proceedings.
NOTES
[1] Butler, the plumbing subcontractor, now insolvent, is not a party to this appeal.
[2] The order granting appellees' motion to dismiss states, inter alia:

The position of C.B. Day and Haskell on the effect of Section 713.06(2)(a), Florida Statutes (1977), on this action has been summarized by them as follows:
The 1977 Amendments To The Florida Mechanics Lien Law, And Particularly The Amendment To Section 713.06 Thereof, Which Amendments Took Effect July 1, 1978, Categorically Rejected The Holding In Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969) And Extinguished Any Right To A Lien, Either Statutory Or Equitable, On Undisbursed Construction Funds By A Materialman Who Shall Have Failed To Comply With The Florida Mechanics Lien Law Through Failure To File A Timely Notice To Owner.
The Court agrees and finds on that basis that the plaintiff has not and cannot state a cause of action against C.B. Day or Haskell for an equitable lien. The Court having so found, and finding that it is therefore unnecessary to reach the other grounds asserted in the motion to dismiss of C.B. Day and Haskell, it is hereby:
ORDERED:
The Motion to dismiss of defendants C.B. Day and Haskell is granted and this action is dismissed with prejudice as to those defendants only.
[3] § 713.06(2)(a), Fla. Stat. (1979) provides:

All lienors under this section, except laborers, as a prerequisite to perfecting a lien under this chapter, shall be required to serve a notice on the owner setting forth the lienor's name and address, a description sufficient for identification of the real property ... A subcontractor or a materialman to a subcontractor shall serve a copy of the Notice on the contractor as a prerequisite to perfecting a lien under this chapter and recording a lien. A materialman to a subcontractor shall also serve a copy of the notice to owner on the subcontractor of the subcontractor as a prerequisite to perfecting a lien under this chapter and recording of lien. (emphasis supplied).
[4] § 713.30, Fla. Stat. (1979) provides:

This part I shall be cumulative to other existing remedies... .
[5] Appellees cite two cases as supportive of their argument. In Pilot Electrical Construction Company, Inc. v. Waters, 384 So.2d 61 (Fla. 1st DCA 1980) plaintiffs who had not filed proper notice sought mechanics' liens. The court properly construed the revised statute to reject the secondary type of statutory lien for late filers which had been recognized in Crane Co. v. Fine, 221 So.2d 145 (Fla. 1969). In Sarasota Commercial Refrigeration and Air Conditioning, Inc. v. Schooley, 381 So.2d 1141 (Fla. 2d DCA 1980) the claim was also based on a statutory lien. The trial court's dismissal of the complaint without leave to amend because of a failure to file a timely notice was reversed because the trial court should have applied the older statute which Crane construed, and not the 1977 revised statute. Though the court was not called upon to construe the 1977 statute, the opinion contains a gratuitous sentence that "Under the new statute, however, failure to file a timely notice to owner does bar all recovery", id. at 1144 with no discussion. Even though the statement is obiter dictum, and so is without force, State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973), the result reached herein may still present an interdistrict conflict. Sweet v. Josephson, 173 So.2d 444 (Fla. 1965) citing to Sunad, Inc. v. City of Sarasota, 122 So.2d 611 (Fla. 1960). Because no reason is given in support of the conclusion we will not consider the case as persuasive.