501 So.2d 655 (1987)
OOLITE INDUSTRIES, INC., Appellant,
v.
MILLMAN CONSTRUCTION COMPANY, Inc. and Fidelity and Deposit Company of Maryland, Appellees.
No. 86-780.
District Court of Appeal of Florida, Third District.
January 6, 1987.
Rehearing Denied February 24, 1987.
Taylor, Brion, Buker & Greene and James W. Moore, Miami, for appellant.
Bedzow & Korn and Allan M. Glaser, Irving B. Levenson, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
BARKDULL, Judge.
We find no error in the trial court holding that for a materialman to a subcontractor to perfect a mechanic's lien against a payment bond for "fabricated materials" he must file a 45 day notice as required by Section 713.23(1)(d) Florida Statutes. (1985)[1]Combs v. St. Joe Papermaker *656 Federal Credit Union, 383 So.2d 298, 299 (Fla. 1st DCA 1980); Tuttle/White Constructors, Inc. v. Hughes Supply, Inc., 371 So.2d 559, 561 (Fla. 4th DCA 1979); Morgan v. Goodwin, 355 So.2d 217, 218 (Fla. 1st DCA 1978); Bard Manufacturing Co. v. Albert & Jamerson Building Supply Corp., 212 So.2d 13, 16 (Fla. 4th DCA 1968). In Stratton of Florida, Inc. v. Cerasoli, 426 So.2d 59 (Fla.App. 1983), Judge Ryder speaking for the Second District said:
"Appellee filed a complaint seeking damages against Stratton and St. Paul, and appellants' answer set forth defenses including that appellee failed to comply with the forty-five day notice to contractor provision of section 713.23, Florida Statutes (1981). Following a bench trial, the court found for appellee, ordering appellants to pay the amount owed of $14,761.50.
On appeal, appellants argue that in order to recover from a general contractor or its surety not in privity, a sub-subcontractor must serve a written notice to contractor within forty-five days after first beginning to furnish labor, materials or supplies. We agree. Section 713.23(1)(d), Florida Statutes (1980 Supp.), provides that notice must be given. Section 713.23(1)(f) provides that `no action for the labor or materials or supplies may be instituted or prosecuted against the contractor or surety unless both notices have been given.' It is undisputed below that appellee did not serve the notice required by section 713.23(1)(d) within forty-five days after beginning to furnish labor, materials or supplies. Thus, the action by appellee below is precluded by the statute."
Appellant argues that actual delivery of furnished materials, as is the situation in the case of ordinary materials, must be shown before his right to a mechanic's lien arises. However, as to specially fabricated materials, no such delivery is required since specially fabricated materials are "materials which are `not generally suited for nor readily adaptable to use in' a like improvement." Surf Properties, Inc. v. Markowitz Brothers, Inc., 75 So.2d 298, 302 (Fla. 1954) (citing Lehigh Structural Steel Co. v. Langner, Inc., 43 So.2d 335 at 338 (Fla. 1949).) Therefore, "to be entitled to a lien for furnishing materials, there must be evidence establishing ... that the materials were specially fabricated for incorporation." American Insurance Co. v. Coley Electric Supply Co. Inc., 354 So.2d 390, 391 (Fla. 1st DCA 1978) and Beautyware Plumbing Supply Co. v. Columbiad Apartments, Inc., 215 So.2d 42, 44 (Fla. 4th DCA 1968). Specially fabricated materials are designed for a particular project, no actual delivery of the materials to the job site is required since the fabricated material would have no other useful purpose other than for that project. Hence, once fabrication has begun, or within 45 days from the commencement of same, notice must be given. Since appellant did not comply with this notice requirement, it is barred from recovery.
On the cross-appeal the appellant concedes error in the attempted award of an equitable lien on the proceeds undistributed under the contract and the final judgment therefore, there being no pleading, proof or request for such relief. We therefore modify the amended final judgment by striking all references to an equitable lien and the judgment for the plaintiff in the amount of $21,046.37. The amended final judgment as modified by this court be and the same is hereby affirmed.
Affirmed as modified.
HUBBART, J., concurs.
SCHWARTZ, Chief Judge (dissenting).
I think it no less than obvious that sections 713.23(1)(d)[1] and 713.01(6),[2] Florida *657 Statutes (1985) are properly read to provide a special fabricator with an alternative as to the 45 day notice: the period runs either from commencing work on the materials, or from their actual incorporation into the improvement. See Beautyware Plumbing Supply Co. v. Columbiad Apartments, Inc., 215 So.2d 42 (Fla. 4th DCA 1968). The first alternative is required only if the materials are not used in the project; indeed, the very reason for the special fabrication exception to the incorporation rule was to protect those materialmen whose products could not, by definition, be sold elsewhere if they were not used in the particular job. See Surf Properties v. Markowitz Bros., Inc., 75 So.2d 298 (Fla. 1954); Lehigh Structural Steel Co. v. Joseph Langner, Inc., 43 So.2d 335 (Fla. 1949). But when, as here, the specially fabricated materials are actually incorporated, there is no reason to require an earlier notice, and, more to the point, no reason to give the general contractor and surety a benefit to which they plainly would not be entitled if "ordinary" materials were involved. As Rakusin says:
Obviously, if specially fabricated items are delivered to the jobsite, or delivered as provided for in § 713.09, the lienor has the same entitlement to a lien for their furnishing as for materials which are actually incorporated. The question of recovery for specially fabricated items occurs when they are not incorporated into the improvement.
1 S. Rakusin, Florida Mechanics' Lien Manual 24 (1974). In sum, the majority has turned the shield given by the legislature to a special group of lienors into a sword used by its adversaries against it. I believe that this result is completely unjustified and therefore dissent.
NOTES
[1] When an owner requires a contractor to place a payment bond, if the bond meets the conditions of the statute, an owner is relieved of liability. See Sec. 713.02(6), Fla. Stat. Once the bond is posted and the materialman has notice of same, he is required to file two notices in order to claim against the bond, first a 45 day notice, Sec. 713.23(1)(d), Fla. Stat., and second, a demand for payment. See Sec. 713.23(1)(e), Fla. Stat.
[1] Section 713.23(1)(d), Florida Statutes (1985) provides in pertinent part that:

Either before beginning or within 45 days after beginning to furnish labor, materials, or supplies, a lienor who is not in privity with the contractor, except a laborer, shall serve the contractor with notice in writing that the lienor will look to the contractor's bond for protection on the work. [e.s]
[2] Section 713.01(6), Florida Statutes (1985) provides that:

`Furnish materials' means supply materials which are incorporated in the improvement including normal wastage in construction operations; or specially fabricated materials for incorporation in the improvement; or supply materials used for the construction and not remaining in the improvement, subject to diminution by the salvage value of such materials; and includes supplying tools, appliances, or machinery used on the particular improvement to the extent of the reasonable rental value for the period of actual use (not determinable by the contract for rental unless the owner is a party thereto), but does not include supplying handtools. The delivery of materials to the site of the improvement shall be prima facie evidence of incorporation of such materials in the improvement. [e.s]