SCHWARTZ, Chief Judge.
In an action by the owner of a large construction crane on a mechanic’s lien payment bond posted under section 713.23, Florida Statutes (1983), the trial court entered summary judgment for the defendants, the contractor and surety, on the ground that the notice to contractor required by section 713.23(l)(d)[1] had not been timely served. In so doing, the court held that the forty-five day period for the notice in question began to run in July, 1983, when unassembled pieces of the crane were delivered to the job site, rather than in early October, 1983, when the crane had been assembled and both was ready for use and was in fact employed in the construction process. We agree and affirm.
In our view, this result is compelled by a common sense reading of the statutory language which pegs the commencement of the period at the point of “beginning to furnish labor, materials, or supplies....” [e.s.] It is supported also by that portion of section 713.01(6)[2] which provides that “[t]he delivery of materials to the site of the improvement shall be prima facie evidence of incorporation of such materials in the improvement.” On the other hand, we think that Essex’s reliance on that portion of section 713.01(6) which refers to the supplying of machinery “to the extent of the reasonable rental value for the period of actual use” is misplaced; this portion of the admittedly difficult subsection appears, however murkily, to refer to the amount of payment protected under the mechanic’s lien law rather than to the notice issue before us. Since the first notice was not given until October 17, 1983, more than forty-five days after the July date of first delivery which we have determined is deemed to have set the notice clock running, we conclude that summary judgment was properly entered. See Oolite Indus., Inc. v. Millman Constr. Co., 501 So.2d 655 (Fla. 3d DCA 1987) (forty-five day notice period runs from first fabrication of special materials even though later actually incorporated into improvement), review denied, 509 So.2d 1118 (Fla.1987); see also Pilot Elec. Constr. Co. v. Waters, 384 So.2d 61 *1132 (Fla. 1st DCA 1980) (forty-five day notice to owner provision begins from first commencement of work on project even though contractual arrangements were subsequently modified).
The lower court also awarded attorney’s fees for the successful defendants. Because, as the appellees forthrightly concede, no such fees are recoverable from a contractor like Millman, Julian E. Johnson & Sons, Inc. v. Balboa Ins. Co., 408 So.2d 1044 (Fla.1982), and there is no other basis for recovery against the surety, see §§ 627.728(1), 627.756, Fla.Stat. (1988), this portion of the judgment under review is set aside.
Affirmed in part, reversed in part.

. Section 713.23(l)(d) provides:
(d) Either before beginning or within 45 days after beginning to furnish labor, materials, or supplies, a lienor who is not in privity with the contractor, except a laborer, shall serve the contractor with notice in writing that the lienor will look to the contractor’s bond for protection on the work. If a notice of commencement is not recorded, or a reference to the bond is not given in the notice of commencement, and in either case if the lien- or not in privity with the contractor is not otherwise notified in writing of the existence of the bond, the lienor not in privity with the contractor shall have 45 days from the date the lienor is notified of the existence of the bond within which to serve the notice. The notice may be in substantially the following form:
NOTICE TO CONTRACTOR
To . (name of contractor). The undersigned notifies you that he has furnished or is furnishing.(services or materials) .... for the improvement of the real property identified as.(property description) . owned by . (owner’s name
and address) .under an order given by . and that the undersigned will look to the contractor’s bond for protection on the work.
.(Lienor’s signature and address).

. 713.01. Definitions
As used in this part:
[[Image here]]
(6) Furnish materials means supply materials which are incorporated in the improvement including normal wastage in construction operations; or specially fabricated materials for incorporation in the improvement; or supply materials used for the construction and not remaining in the improvement, subject to diminution by the salvage value of such materials; and includes supplying tools, appliances or machinery used on the particular improvement to the extent of the reasonable rental value for the period of actual use (not determinable by the contract for rental unless the owner is a party thereto), but does not include supplying hand tools. The delivery of materials to the site of the improvement shall be prima facie evidence of incorporation of such materials in the improvement.