553 So.2d 705 (1989)
FLORIDA EAST COAST PROPERTIES, INC., and Fidelity and Deposit Company of Maryland, Appellants,
v.
COASTAL CONSTRUCTION PRODUCTS, INC., Appellee.
No. 89-671.
District Court of Appeal of Florida, Third District.
October 17, 1989.
On Rehearing December 26, 1989.
Simon, Schindler & Sandberg and Neil Rose, Miami, for appellants.
Caven, Clark & Ray and Steven R. Browning, Jacksonville, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
Florida East Coast Properties, Inc. ("FECP") appeals a final judgment for $15,498.19 in favor of Coastal Construction Products, Inc. on a materialman's lien. We affirm in part and reverse in part.
One of Coastal's regular customers, Moore Installations, Inc., became a subcontractor for FECP's Flamingo Plaza project. Coastal timely served its Notice to Owner, and supplied waterproofing materials to Moore on open account. Moore fell behind on its payments and eventually abandoned the job, leaving an unpaid balance at Coastal of $21,833.19. Coastal filed a mechanic's lien action against FECP, as the owner of the real property, and against the surety.
Coastal pled that its materials had been incorporated into the project. See § 713.01(6), Fla. Stat. (1987). FECP filed a general denial. At the bench trial, Coastal's sales records showed that five of Moore's twenty-six orders, in the amount of $6,024.20, were for materials to be delivered by Coastal to the job site. The sales records indicated that the remaining twenty-one orders, in the amount of $15,808.99, were for over-the-counter sales, which were picked up by Moore's own employees. The trial court allowed about two-thirds of Coastal's claim, but the record does not disclose the basis of the trial court's computation.
The question before us is whether sufficient proof was offered at trial to support Coastal's claim. While it is permissible for a materialman's claim to be proved by a witness who has visited the work site and can identify the materialman's products as a part of the structure, the nature of Coastal's waterproofing materials did not make that a practical option. Instead, Coastal relied on the statutory provision that "[t]he delivery of materials to the site of the improvement shall be prima facie evidence of incorporation of such materials in the improvement." § 713.01(6), Fla. Stat. (1987).
With regard to the materials which Coastal delivered to the work site, we conclude that there was sufficient evidence to *706 support an award. Coastal's sales tickets, signed in each instance by a Moore employee, indicated that these five orders were placed for delivery by Coastal to the Flamingo job site. Coastal's witness testified that the routine business practice in the execution of such an order was to deliver it to the address indicated. "Evidence of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is admissible to prove that the conduct of the organization on a particular occasion was in conformity with the routine practice." § 90.406, Fla. Stat. (1987); see Brown v. Giffen Indus., 281 So.2d 897, 900 (Fla. 1973). FECP made no showing to the contrary, but simply contended that Coastal's proof was insufficient. An award was proper, therefore, for the five orders in the amount of $6,024.20.
We reach a different conclusion with respect to the remainder of the sales. Coastal's records indicated that the remaining twenty-one orders were for the Flamingo project, but Moore employees picked up the materials in each instance. No witness testified about Moore's routine practice with respect to pick-up orders for the Flamingo project.
The burden is on the materialman to establish that the materials were actually delivered to the construction site in order to obtain the benefit of the statutory presumption. Tuttle/White Constructors, Inc. v. Hughes Supply, Inc., 371 So.2d 559, 564-65 (Fla. 4th DCA 1979); American Ins. Co. v. Coley Elec. Supply Co., 354 So.2d 390, 391 (Fla. 1st DCA 1978); Beautyware Plumbing Supply Co. v. Columbiad Apartments, Inc., 215 So.2d 42, 44 (Fla. 4th DCA 1968); see Clutter Construction Corp. v. State ex rel. Westinghouse Elec. Corp., 139 So.2d 426, 428 (Fla. 1962). We have sympathy for Coastal's argument that it can be difficult to locate witnesses and adduce proof from a defunct subcontractor. Nonetheless, the decisional law construing the statute is unanimous in placing the burden on the lien claimant, and the burden is ameliorated by the Evidence Code provision allowing evidence of routine practice in lieu of proof of every individual sale.
Coastal also argues that over-the-counter sales constitute delivery "by a lienor to a place designated by the person with whom the materialman contracted," § 713.09, Fla. Stat. (1987), so as to bring the twenty-one sales within the separate site provision of the statute. We disagree. First, although the Flamingo project occupied two parcels, they were contiguous, not separate. Second, an over-the-counter sale is not, in our view, delivery to a "place designated" within the meaning of the statute. We conclude, therefore, that the appeal is well taken with respect to the twenty-one sales in the amount of $15,808.99.
We affirm the award with respect to the materials delivered by Coastal, but reverse the award with respect to the materials picked up by Moore.
Both parties have moved for appellate attorney's fees pursuant to section 713.29, Florida Statutes (1987). The Florida Supreme Court has defined "prevailing party" for purposes of this statute as "`one in whose favor an affirmative judgment is rendered.'" Mainlands Constr. Co. v. Wen-Dic Constr. Co., 482 So.2d 1369, 1370 (Fla. 1986) (citation omitted). Since the appellee will obtain judgment, it is the prevailing party. Because appellee succeeded only in part on the appeal, we believe a reasonable award is for half of appellee's appellate attorney's fees. We remand to the trial court to set the amount. Appellant's motion is denied.
Affirmed in part, reversed in part, and remanded for entry of a corrected judgment and an award of appellate attorney's fees.

OPINION ON REHEARING
By motion for rehearing Florida East Coast Properties, Inc. ("FECP") has informed us that, as a result of our ruling, the recovery to be realized by Coastal Construction Products, Inc., is less than the amount of FECP's pretrial offer of settlement pursuant to section 45.061, Florida Statutes (1987). Under the rule announced in C.U. Associates, Inc. v. R.B. Grove, Inc., *707 472 So.2d 1177, 1178-79 (Fla. 1985), the nonacceptance of the settlement offer precludes an award of attorney's fees to Coastal. We therefore grant the motion for rehearing and strike the appellate attorney's fee award to Coastal.
FECP requests an award of attorney's fees under section 713.29, Florida Statutes (1987), arguing that FECP prevailed, in part, on the appeal. Although Tomorrow's Choice, Inc. v. Bassing Co., 364 So.2d 530, 532 (Fla. 3d DCA 1978), provides support for FECP's position, the Tomorrow's Choice definition of "prevailing party" has been overruled sub silentio by Mainlands Construction Co. v. Wen-Dic Construction Co., 482 So.2d 1369, 1370 (Fla. 1986). We therefore adhere to our denial of section 713.29 attorney's fees to FECP.
Rehearing granted; award of appellate attorney's fees stricken.