PER CURIAM.
The defendant, Liberty International, Inc. [Liberty], appeals from an order granting the plaintiff’s motion to dismiss Liberty’s amended counterclaim. We reverse and remand.
The plaintiff, Water Place, Inc., owns a shopping center. On May 9, 1989, Water Place filed a notice regarding attachment of mechanics’ lien pursuant to section 713.-10(2), Florida Statutes (1987). The notice stated that nothing contained in a lease of the shops shall be construed as a consent on the part of Water Place to subject itself to liability for any work performed by or on behalf of a tenant.
In July 1989, Chinese Creations leased a space from Water Place to establish a restaurant. Liberty, a restaurant equipment and supply company, sent notice to Water Place that it was placing its equipment on Water Place’s premises. Liberty delivered $100,000 worth of equipment to Chinese Creations. Chinese Creations stopped making payments to both Water Place and Liberty. Liberty recorded two mechanics’ liens. In April 1990, Water Place wrote to Liberty demanding that it release any lien against the property owned by Water Place.
Water Place filed suit seeking, among other things, to foreclose its landlord’s lien on Chinese Creations’ personalty pursuant to section 83.08, Florida Statutes (1989). Liberty was joined as a defendant to the complaint since they had a lien on the same property. Liberty filed a counterclaim and an amended counterclaim for unjust enrichment seeking compensatory damages against Water Place for the value of the equipment sold to Chinese Creations for which Liberty had not been paid. The trial court dismissed both counterclaims. The trial court allowed Liberty to amend again, but Liberty declined to do so. The trial court also entered summary final judgment of foreclosure in favor of Water Place, foreclosing Water Place’s lien on the equipment remaining on the premises. Liberty appeals.
Liberty contends that the trial court erred in dismissing the amended counterclaim where said counterclaim stated a cause of action for an equitable lien. We agree.
Water Place contends that since it filed a statutory lien notice, it is exempt from all claims or liens whatsoever. This is contrary to the basic principle of a court of equity. While Liberty may not have a statutory cause of action pursuant to the mechanics’ lien law, in light of the notice recorded by Water Place, this does not in and of itself preclude Liberty from maintaining an action for an equitable lien on the property in question. See Peninsular Supply Co. v. C.B. Day Realty of Fla., Inc., 423 So.2d 500, 502 (Fla. 3d DCA 1982). It is established law in Florida that filing an action to foreclose pursuant to the mechanics’ lien law does not preclude the filing of an action for an equitable lien. See Id.
From the record, it appears that Water Place received a benefit at Liberty’s *412 expense. When Water Place regained possession of the restaurant space, it was furnished with $100,000.00 worth of Liberty’s equipment. Water Place did not present any evidence that it was not in possession of the Liberty’s equipment, nor that it paid for the equipment. For these reasons, we find that a material issue exists as to whether Water Place has been unjustly enriched. See Henry M. Butler, Inc. v. Trizec Properties, Inc., 524 So.2d 710 (Fla. 2d DCA 1988). We reverse the trial court’s summary judgment on Liberty’s unjust enrichment counterclaim, and remand for further proceedings consistent with this opinion.