DAVIS, Judge.
Alice Reeves appeals a hearing officer’s final order finding that HRS is entitled to seek recoupment of an overpayment of Medicaid benefits in the amount of $2351.06 when and if she becomes capable of repaying it. The hearing officer erroneously applied a presumption that Ms. Reeves had received notification of ineligibility, and therefore we reverse and remand for further proceedings.
Ms. Reeves asserts that the doctrine of equitable estoppel should bar any claim for repayment, based upon her detrimental reliance upon the fact that HRS mailed her the Medicaid cards which she used for a year after her eligibility had actually lapsed. The hearing officer held that the doctrine of equitable estoppel could not apply unless there was a misrepresentation of a material fact and that Ms. Reeves could not rely upon receipt of the Medicaid cards as such a misrepresentation because HRS had mailed her a letter informing her that a change in regulations regarding income levels had made her ineligible for the benefits. Ms. Reeves testified that she did not remember receiving that letter, but the hearing officer presumed that the letter was mailed and received, based upon the fact that a copy was in HRS’s files.
In the absence of any evidence whatsoever regarding the normal office practices of HRS with regard to mailing such notices, the hearing officer erred in applying that presumption. See Brown v. Giffen Industries, Inc., 281 So.2d 897, 899-900 (Fla.1973) (“proof of general office practice satisfies the requirement of showing due mailing”); Florida East Coast Properties, Inc. v. Coastal Construction, Inc., 553 So.2d 705, 706 (Fla. 3d DCA 1989) (discussing evidence of the routine practice of an organization necessary to permit reliance on a presumption that the conduct of the organization on a particular occasion was in conformity with that practice).
Accordingly, this case is REVERSED and REMANDED for further proceedings consistent with this opinion.
ALLEN and KAHN, JJ., concur.