BENTON, Judge,
dissenting.
In order to perfect a hen on real property under the Construction Lien Law, a contractor must apprise the owner of any debts owed other (sub)eontraetors (including engineers, architects, and certain other professionals), laborers, or materialmen “under his direct contract” whose services, labor, or materials may give (or have given) rise to a hen because they helped discharge the contractor’s undertaking to improve the real property. The contractor has to
give to the owner an affidavit stating, if that be the fact, that all henors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each henor who has not been paid in full and the amount due or to become due....
§ 713.06(3)(d)l., Fla.Stat. (1993). Like a contractor in privity with the owner, other “henors” have certain statutorily specified security rights. The contractor’s affidavit must identify any “henors under his direct contract” whose hens — perfected or prospective — have not been fully satisfied. If there are none, the contractor is “required to *752 swear under oath that he has paid his subcontractors who may have liens on the project.” Climatrol Corp. v. Kent, 370 So.2d 394, 395 (Fla. 3d DCA 1979)(emphasis supplied).
The affidavit Craftsman Contractors, Inc. (Craftsman) gave Mr. Brown did not mention one of its subcontractors, McElhany Electric (McElhany). This omission was immaterial, even though Craftsman had a contingent agreement to pay McElhany more for work it had done. McElhany Electric was not a “lienor who ha[d] not been paid in full,” § 713.06(3)(d)l., Fla.Stat. (1993), because McElhany was not a “lienor”: It had neither a lien nor — because it never gave notice to the owner — a prospective lien. “[A] claimant not in privity with the owner who did not perfect lien rights by giving proper notice [to the owner is] completely without a remedy under the mechanics’ lien statute.” Peninsular Supply Co. v. C.B. Day Realty of Fla., Inc., 423 So.2d 500, 502 (Fla. 3d DCA 1982).
In defining a “lienor” as one who “has a lien or prospective lien upon real property under this part,” § 713.01(16), Fla.Stat. (1993), the Construction Lien Law excludes non-lienors who have no prospect of a lien; and relieves the contractor making an affidavit of any duty to “show[ ] the name” in the affidavit of any person unable, to perfect a lien. True, as the majority opinion points out, the statute contemplates “ ‘lienors’ who ... have not given notice to an owner.” Ante, at 752. For purposes of the Construction Lien Law, however, “lienors” (other than laborers) who have not yet given notice to an owner are by definition limited to (subcontractors or materialmen who are still able to give the required notice to owner (and meet other prerequisites) for “lien[s] upon real property under this part.” § 713.01(16), Fla. Stat. (1993). Here, time for McElhany to give the notice required to perfect a lien had long since expired when the contractor’s affidavit was executed. The owner was at no risk that his property would be encumbered with a duplicative lien. The trial court’s failure to enforce the lien was a windfall for him.