# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2463

_____

ORLANDO HEALTH CENTRAL,
INC.,

    Appellant,

    v.

AGENCY FOR HEALTH CARE
ADMINISTRATION, ADVENTIST
HEALTH SYSTEM/SUNBELT, INC.,
d/b/a Florida Hospital, and
CENTRAL FLORIDA HEALTH
SERVICES, LLC,

    Appellees.

_____

On appeal from Division of Administrative Hearings.
Yolanda Y. Green, Administrative Law Judge.

August 3, 2018

B.L. THOMAS, C.J.

This appeal concerns a rule challenge to the procedure through which healthcare providers apply for and challenge the award of a Certificate of Need, a written statement "evidencing community need for a new, converted, expanded, or otherwise significantly modified health care facility, health service, or hospice." § 408.032(3), Fla. Stat. (2017). The Agency for Health Care Administration is responsible for issuing or denying

Certificates, and has adopted rules to implement the program. § 408.033(3), Fla. Stat. (2017); Chapter 59C, Fla. Admin. Code (2017).

The Agency accepts and considers Certificate applications in "batching cycles," in which all applications seeking approval for the same type of healthcare facility or expansion are subject to "comparative review." § 408.039, Fla. Stat. (2017). When review is complete, the Agency issues a State Agency Action Report or Notice of Intent stating whether it will grant or deny each application, and this notice is published in the Florida Administrative Register. *Id.*

Section 408.039(5)(c), Florida Statutes, states that applicants in the same batching cycle are entitled to a "comparative hearing" on their applications, in which the Agency comparatively reviews all pending applications. Section 408.039(5)(a) provides that applicants in the same batching cycle must request the hearing within twenty-one days from publication of the Notice of Intent or State Agency Action Report.

In 1992, the Agency promulgated a rule, which states in pertinent part:

> If a valid request for administrative hearing is timely filed challenging the noticed intended award of any certificate of need application in the batch, that challenged granted applicant shall have ten days from the date the notice of litigation is published in the Florida Administrative Register to file a petition challenging any or all other cobatched applications.

Fla. Admin. Code R. 59C-1.012(2)(a) (2017).

The 1997 Legislature enacted section 408.0455, Florida Statutes, which read as follows:

> Rules; pending proceedings.—The rules of the agency in effect on June 30, 1997, shall remain in effect and shall be enforceable by the agency with respect to ss. 408.031-408.045 until such rules are repealed or amended by the agency, and no judicial or administrative proceeding pending on July 1, 1997, shall be abated as a result of

2

the provisions of ss 408.031-408.043(1) and (2); s. 408.044; or s. 408.045.

Ch. 97-270, § 9, at 19, Laws of Fla. In 2004, section 408.0455 was amended in relevant part as follows:

Rules; pending proceedings.—The rules of the agency in effect on June 30, 2004 ~~1997~~, shall remain in effect and shall be enforceable by the agency with respect to ss. 408.031-408.045 until such rules are repealed or amended by the agency~~, and no judicial or administrative proceeding pending on July 1, 1997, shall be abated as a result of the provisions of ss 408.031-408.043(1) and (2); s. 408.044; or s. 408.045~~.

Ch. 2004-838, § 12, at 26, Laws of Fla.

The statute today reads as it did after the 2004 reenactment. § 408.0455, Fla. Stat. (2017).

Appellant, Orlando Health Central, Inc., holds the license for Health Central Hospital, a not-for-profit, full-service Class I general hospital in Orange County. Appellee Adventist Health System/Sunbelt, Inc., d/b/a Florida Hospital ("Florida Hospital," intervenor below), is a not-for-profit, full-service, Class I general hospital with seven campuses located throughout the greater Orlando area. Appellee Central Florida Health Services, LLC ("CFHS," intervenor below), is a developmental-stage entity affiliated with Hospital Corporation of America, North Florida Division.

On September 7, 2016, all three entities submitted Certificate of Need applications to establish new hospitals in Orange County. The three parties were "co-batched" and comparatively reviewed.

On December 2, 2016, the Agency issued its State Agency Action Report and Notice of Intent to simultaneously approve the applications of Appellee Florida Hospital and Appellee CFHS. Thus, the twenty-one-day window in which co-batched applicants could request an administrative hearing under section 408.039(5)(a), Florida Statutes, closed on December 27, 2016. Within that twenty-one-day window, Florida Hospital filed a

3

request for hearing to contest the intended approval of CFHS' application, and Appellant filed a request for hearing to contest the intended approval of Florida Hospital's application.

On January 5, 2017, CFHS filed a petition contesting the approval of Florida Hospital's application, and on January 11, 2017, Florida Hospital filed a petition challenging Appellant's application. Though these petitions were filed outside the twenty-one-day window established by section 408.039, the petitions were filed within ten days of the notice of a challenge by a co-batched applicant, and were purportedly timely filed under rule 59C-1.012(2)(a).

On March 30, 2017, Appellant filed a Petition to Determine the Invalidity of Existing Rule, arguing that rule 59C-1.012(2)(a) was an invalid exercise of delegated legislative authority, in violation of section 120.52(8)(b-c), Florida Statutes. In its summary final order, the Administrative Law Judge concluded that rule 59C-1.012(2)(a) exceeded the Agency's delegated legislative authority by granting challenged applicants an additional ten days to request a comparative hearing. Despite this conclusion, however, the Administrative Law Judge determined that the legislature had authorized and adopted the Agency's administrative interpretation of the applicable statutes, including section 408.039, because section 408.0455 states that the Agency's rules that were in effect on June 30, 2004, are to remain in effect and enforceable until the Agency amends or repeals them.

The order concluded that the legislature is presumed to know of all prior administrative constructions and interpretations of a law it reenacts. Because a 2002 administrative decision determined that section 408.0455 "in essence, ratified" rule 59C-1.012(2)(a), and because the legislature amended section 408.0455 in 2004, retaining the "saving" language in question, the order determined that section 408.0455 ratifies rule 59C-1.012(2)(a).

## Analysis

Because this issue presents a pure question of law, this court reviews the order of the lower tribunal de novo. *Sw. Fla. Water*

*Mgmt. Dist. v. Save the Manatee Club, Inc.*, 773 So. 2d 594, 597 (Fla. 1st DCA 2000).

A reviewing court's "statutory analysis begins with the plain meaning of the actual language of the statute, as we discern legislative intent primarily from the text of the statute." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013). "If statutory language is 'clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'" *Id.* (quoting *Holly v. Auld,* 450 So. 2d 217, 219 (Fla. 1984)). Appellant argues that, although section 408.0455 ensures the rules at issue "remain in effect and . . . enforceable . . . until . . . repealed or amended by the agency," this statute does not grant those rules immunity to challenges under section 120.56, Florida Statutes.

Chapter 120 does not define "enforceable," and only uses a variant of the term in section 120.536, when discussing rules of "uncertain enforceability." § 120.536(2)(c), Fla. Stat. (2017). Section 120.536(2)(c) states that if the repeal of law creates doubt as to whether a rule is enforceable, the Department of State shall treat the rule as provided by section 120.555, Florida Statutes. In turn, section 120.555 states that, if the Department of State doubts whether a rule "is still in full force and effect," it shall request a determination from the administering agency or the Governor as to whether the rule "is in full force and effect." § 120.555(1)-(2), Fla. Stat. (2017). Failure to respond to such request constitutes an acknowledgement that the rule is "no longer in effect," and the agency or Governor must also publish a notice of repeal if the rule is deemed to be "no longer in effect." § 120.555(2),(4), Fla. Stat. (2017). A rule's enforceability ultimately turns on the administering entity's determination of whether the rule is "in effect," a phrase used interchangeably with "in force" and "enforceable" in section 120.555. As rules "in effect" are still subject to challenge pursuant to section

120.56(3),* it follows that "enforceable" rules are also subject to challenge.

Appellant thus persuasively argues that a legislative mandate that certain rules are "in effect" does not render them immune from section 120.56 challenges; this would likely resolve this issue in Appellant's favor, if not for the legislature's 2004 reenactment of section 408.0455 and presumptive adoption of prior administrative constructions of its language. "When the legislature reenacts a statute, it is presumed to know and adopt the construction placed thereon by courts or administrators, except to the extent to which the new enactment differs from prior constructions." *Peninsular Supply Co. v. C.B. Day Realty of Fla., Inc.*, 423 So. 2d 500, 502 (Fla. 3d DCA 1982); *accord Cole Vision Corp. v. Dep't of Business & Prof'l Regulation, Bd. of Optometry*, 688 So. 2d 404, 408 (Fla. 1st DCA 1997) (citing *Peninsular Supply Co.*, 423 So. 2d at 502)); s*ee also State ex rel. Szabo Food Servs., Inc. of N.C. v. Dickinson*, 286 So. 2d 529, 531 (Fla. 1973) (holding that "[w]hen the Legislature reenacts a statute, it is presumed to know and adopt the construction placed thereon by" administrators).

In 2002, the specific issue of "[w]hether Section (2) of Rule 59C-1.012, Florida Administrative Code . . . constitutes an invalid exercise of delegated legislative authority" was addressed in *Southern Baptist Hospital of Florida, Inc. v. Agency for Health Care Administration*. Case No. 02-0575RX at 2 (DOAH Apr. 30, 2002). In *Southern Baptist Hospital*, the Administrative Law Judge analyzed the 1997 iteration of section 408.0455, which contained language identical to the current version, providing that the relevant rules were "in effect" and "enforceable" until repealed by the Agency. *Id.* at 33. The Administrative Law Judge concluded that any argument as to whether rule 59C-1.012(2)(a) exceeded delegated authority was immaterial, as the legislature, through section 408.0455, "ratified, validated and declared saved the Rule and its Section (2) . . . ." *Id.* at 34.

---

* "A petition alleging the invalidity of an existing rule may be filed at any time during which the rule is in effect." § 120.56(3)(a), Fla. Stat. (2017).

6

When the legislature reenacted section 408.0455 in 2004 without altering the "saving" language at issue here, it did so while presumptively adopting this construction of the language in *Southern Baptist Hospital*, and therefore "ratified, validated and declared saved" rule 59C-1.012(2)(a). Thus, despite Appellant's persuasive argument, the legislature adopted the opposite construction with its 2004 reenactment. Appellant's argument that section 408.0455 does not "save" rule 59C-1.012(2)(a) must therefore fail.

AFFIRMED.

ROWE and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Karen A. Putnal and Jon C. Moyle of Moyle Law Firm, P.A., Tallahassee, for Appellant.

Tracy Cooper George, Chief Appellate Counsel, and Amy E. Miles, Senior Attorney, Agency for Health Care Administration, Tallahassee, for Appellee Agency for Health Care Administration.

Tiffany A. Roddenberry and Jerome W. Hoffman of Holland & Knight LLP, Tallahassee, for Appellee Adventist Health System/Sunbelt, Inc., d/b/a Florida Hospital.

Stephen A. Ecenia, Tana D. Storey, Craig D. Miller, and Jennifer F. Hinson of Rutledge Ecenia, P.A., Tallahassee, for Appellee Central Florida Health Services, LLC.